Affirmed and Opinion filed _____________, 2002
















Affirmed and Memorandum
Opinion filed June 12, 2003.                                                    

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00685-CR  

____________

 

JOE NUNEZ,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 208th District Court

                                                           Harris
 County, Texas                       

Trial Court Cause
No. 496,692




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            Appellant, Joe Nunez, appeals from the
trial court’s denial of his post-conviction motion for DNA testing.  See
Tex. Code Crim.
Proc. Art. 64.01-.05.  Nunez was
convicted of aggravated sexual assault in 1987 and received a life sentence.[1]  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion.  Tex.
R. App. P. 47.1.

            In his first four issues, appellant
contends the trial court violated his state and federal constitutional rights
(1) by conducting a final hearing on the motion without appellant being present
and (2) in denying him the opportunity to confront and cross-examine witnesses
during the hearing.[2]  Arguments identical to the ones made by Nunez
were rejected by our sister court in Cravin v. State,
95 S.W.3d 506 (Tex. App.—Houston [1st
Dist.] 2003, pet. ref’d).  Noting that an applicant for DNA testing is
not entitled to any sort of hearing, see
Rivera v. State, 89 S.W.3d 55, 58
(Tex. Crim. App. 2002), the Cravin court concluded that a Chapter
64 proceeding does not implicate rights under the respective confrontation
clauses because it need not involve witnesses or accusations against the applicant.
 95 S.W.3d. at 509-10.  Instead, like a post-conviction habeas corpus
proceeding, it is an independent, collateral inquiry into the validity of the
conviction.  Id.; see also Ex parte Mines, 26 S.W.3d 910, 914–15
(Tex. Crim. App. 2000) (finding no constitutional
right to be present at post-conviction habeas corpus proceeding).  The Cravin court further held that Chapter 64 proceedings do not
violate the appellant’s right to fundamentally fair due process.  Id. at 510.  We agree with our sister court’s analysis of
these arguments.  Accordingly, we
overrule appellant’s first four issues.

            In his fifth issue, appellant
contends the court erred in considering affidavits attached to the State’s
response to the motion.  But as noted, a Chapter
64 proceeding is not an evidentiary hearing, but instead a post-conviction
proceeding that may be based on documents submitted to the court.  Rivera,
89 S.W.3d at 58; Cravin,
95 S.W.2d at 511.    The statute specifically contemplates
submission based on affidavits from the applicant and a written response from
the State.  See Tex. Code Crim. Proc. art. 64.01(a), 64.02(2)(B).  The affidavits were a part of the State’s required
written response and the court did not err in considering them.  Accordingly, we overrule appellant’s fifth
issue.

            In his sixth issue, appellant contends
the trial court erred in denying his motion for DNA testing.  The trial court expressly found that
appellant failed to show evidence still existed and was in a condition making
DNA testing possible.  See id. art. 64.03(a)(1)(A)(i).  The State asserted
the evidence from appellant’s case had been destroyed, and attached affidavits
from the Harris County District Clerk’s Office, the Pasadena Police Department
(PPD) Crime Lab, the PPD Property Room, and the Harris County Medical Examiner’s
Office demonstrating that each either possessed no evidence relating to the
case or had destroyed the evidence years before.

            Appellant contends the State failed
to show whether other law enforcement agencies in Harris
 County might have come into possession
of and still retain evidence related to the case.[3]  The State’s response explained that “the
evidence maintained in [the case] and in possession of the Pasadena Police
Department were [sic] destroyed on October
 1, 1997.”  Absent an
indication that an agency other than the PPD possessed evidence in the case at
any time, the State’s general response was sufficient.  The State was not required to obtain
affidavits from every criminal justice department in the county as to criminal
investigations in which they were not involved.

            Furthermore, the trial court also
found appellant failed to show by a preponderance of the evidence that a
reasonable probability exists he would not have been prosecuted or convicted if
exculpatory results had been obtained.  See Tex.
Code Crim. Proc. art. 64.03(a)(2).[4]  Appellant does not challenge this finding on
appeal.  Accordingly, the court’s ruling
can be affirmed on this ground alone.  See id.; Dinkins, 84 S.W.3d at 643.[5]  Neither his motion nor his brief offers an
explanation as to how any samples, if still in existence and tested, could
prove his innocence.[6]  See Rivera,
89 S.W.3d at 60 (finding exculpatory DNA evidence would not have shown
probability of innocence in light of corroborated confession).  We overrule appellant’s sixth issue.

            The judgment of the trial court is
affirmed.

 

 

                                                                                                

                                                                                    /s/        Scott Brister

                                                                                                Chief
Justice

 

Judgment
rendered and Memorandum Opinion filed June
 12, 2003.

Panel consists of Chief Justice Brister and Justices Fowler and Edelman.

Do
Not Publish — Tex. R. App. P. 47.2(b).

 

 











[1] We
affirmed appellant’s conviction.  See Nunez v. State, No. B14-88-00557-CR,
1989 WL 49086. (Tex. App.—Houston
[14th Dist.] May 11, 1989,
pet. ref’d) (not designated for publication). 





[2]
Citing U.S. Const. Amend. VI and XIV; Tex. Const. art. I, § 10.





[3]
Appellant states that it is the State’s burden to show whether evidence is in
existence or not.  However, the statute
does not place such a burden directly on the State, but only says that the
trial court cannot order testing if it finds that evidence still exists and is
in a testable condition.  See Tex.
Code Crim. Proc. art. 64.01(a)(1)(A)(i).  However, the
ultimate burden of bringing forward facts is on the applicant.  See Dinkins
v. State, 84 S.W.3d 639, 642 (Tex.
Crim. App. 2002). 
In Dinkins, the court stated
“Because appellant has failed to provide facts in support of his motion, we
cannot say that the convicting court erroneously determined that appellant
failed to show the existence of evidence containing biological material that
should be subjected to DNA testing.”  Id.





[4]
The Court of Criminal Appeals has interpreted this section as requiring an
applicant to prove “a reasonable probability exists that exculpatory DNA tests
will prove [his] innocence.”  Kutzner v. State, 75 S.W.3d 427, 438 (Tex.
Crim. App. 2002).





[5] In
Dinkins, the court stated that a
trial court is never required to grant a motion for DNA testing absent a
showing of a reasonable probability the applicant would not have been
prosecuted or convicted if exculpatory results had been obtained.  84 S.W.3d at 643.





[6] Appellant’s
trial revolved largely around the testimony of two eyewitnesses, including that
of the victim.  See Nunez, No. B14-88-00557-CR, 1989 WL 49086, at *1.  There is no indication in the record before
us that biologically testable evidence played any role in the prosecution’s case.