Opinion issued September 18, 2003










     

In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00876-CR




RODNEY EUGENE THOMPSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 699807




MEMORANDUM OPINION

Appellant, Rodney Eugene Thompson, challenges the order denying his motion
for post-conviction DNA testing. See Tex. Code Crim. Proc. Ann. art. 64.01-.05
(Vernon Supp. 2003). We determine whether the trial court erred in concluding that
appellant did not show a reasonable probability that he would not have been
prosecuted or convicted if exculpatory results had been obtained through DNA
testing. We affirm.Procedural Background
          A jury found appellant guilty of aggravated robbery and, after having found
that appellant had been previously convicted of unauthorized use of a motor vehicle
and theft, assessed punishment at 67 years in prison. See Tex. Pen. Code Ann. §
29.03 (Vernon 2003). This Court affirmed the conviction. See Thompson v. State,
No. 01-95-00981-CR (Tex. App.—Houston [1st Dist.] Aug. 7, 1997, pet. ref’d) (not
designated for publication). Appellant moved for post-conviction DNA testing. The
trial court denied appellant’s motion without holding an evidentiary hearing and
adopted the State’s proposed fact findings and legal conclusions.
Denial of Motion for Post-Conviction DNA Testing
          The trial court concluded that appellant had failed to show that a reasonable
probability existed that he would not have been prosecuted or convicted if
exculpatory results had been obtained through DNA testing of a bloody kitchen knife
found at the crime scene. Appellant challenges this conclusion, arguing (1) that the
knife might have been used to stab the complainant, (2) that only one person attacked
the complainant, and thus (3) that, if DNA testing on the knife revealed a third
person’s DNA, but not appellant’s, a reasonable probability would exist that appellant
was innocent.
          To obtain post-conviction DNA testing, an applicant must establish by a
preponderance of the evidence, among other things not relevant here, that “a
reasonable probability exists that [he] would not have been prosecuted or convicted
if exculpatory results had been obtained through DNA testing.” See Tex. Code
Crim. Proc. Ann. art. 64.03(a)(2)(A). Thus, an applicant must show that “a
reasonable probability exists that exculpatory DNA tests will prove [his] innocence.” 
Kutzner v. State, 75 S.W. 3d 427, 438 (Tex. Crim. App. 2002). In deciding whether
to grant DNA testing, the trial court may consider the applicant’s affidavit supporting
his motion and the State’s written response, without holding an evidentiary hearing. 
See Cravin v. State, 95 S.W.3d 506, 509 (Tex. App.—Houston [1st Dist.] 2002, pet.
ref’d); see also Tex. Code Crim. Proc. Ann. art. 64.01(a); id. art. 64.02(2)(B).
          In reviewing a trial court’s DNA-testing ruling, we afford almost total
deference to the determination of historical-fact issues and application-of-law-to-fact
issues that turn on credibility and demeanor, and we review other application-of-law-to-fact issues de novo. See Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). 
Here, because there were no credibility determinations to be made, we review the trial
court’s legal conclusion de novo. See id.
          As we noted in the appeal of appellant’s conviction, the trial record showed
that appellant had been staying with the complainant, Derrick D. Williams; that
someone tried to strangle Williams with a bed sheet while he slept and stabbed him
twice with an unknown object; that a treating physician could not determine the
object used to inflict Williams’s stab wounds; and that Williams recognized
appellant’s face and voice during the assault. See Thompson, No. 01-95-00981-CR,
slip op. at 2-4. In conjunction with appellant’s motion for DNA testing, the trial court
found, based on the State’s response and the affidavits that both the State and
appellant submitted, that the attacker stabbed Williams; that the police found a bloody
kitchen knife at the crime scene; that the attacker took Williams’s car keys and car;
that appellant was seen driving William’s car soon after the attack; and that Williams
identified appellant as his attacker from a photographic array.
          The trial court did not err in finding that DNA testing of the knife would not
have raised a reasonable probability of appellant’s innocence. See Kutzner, 75
S.W.3d at 438. The presence of a third person’s DNA and the absence of appellant’s
DNA on the kitchen knife—even if there was only one assailant—would not
necessarily have precluded appellant’s guilt. The trial court found that Williams had
affirmatively identified appellant as his assailant and that appellant was seen shortly
after the attack driving Williams’s stolen car. Therefore, even if the lack of
appellant’s DNA and the presence of a third person’s DNA on the knife could carry
some exculpatory weight, those facts would serve merely to “muddy the waters,”
rather than to raise a reasonable probability of appellant’s innocence. See Rivera, 89
S.W.3d at 59-60 (holding that potential absence of victim’s DNA from under
defendant’s fingernails would not have shown reasonable probability of innocence,
but would merely have muddied the waters of guilt, in light of, among other things,
defendant’s oral confession that was corroborated by independent evidence); Kutzner,
75 S.W.3d at 439 (holding no error in denying motion for testing of hair strands and
fingernail scrapings because DNA results would only have muddied the waters of
guilt, given other circumstantial evidence adduced at trial, rather than have shown
reasonable probability of innocence); Thompson v. State, 95 S.W.3d 469, 472 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d) (holding no error in denying DNA testing
of blood on weapon because, since complainant had identified defendant as attacker
and since weapon was found next to appellant, any exculpatory inference arising from
testing would not “conclusively outweigh the other evidence of [defendant’s] guilt”).



          Accordingly, we hold that the trial court did not err in denying appellant’s
motion for post-conviction DNA testing. 
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the order of the trial court.
 


                                                                        Tim Taft,
                                                                       Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).