In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-01-01166-CR
____________

DONALD RAY CRAVIN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 147124




O P I N I O N
           On September 1971, appellant was charged with the felony offense of sexual assault. 
Appellant entered a plea of not guilty and proceeded to trial by jury. Appellant was found
guilty and sentenced to life imprisonment. Appellant did not appeal his conviction. On
October 2001, appellant filed a motion for post-conviction DNA testing. See Tex. Code
Crim. Proc. arts. 64.01–64.05 (Vernon Supp. 2002). The convicting court denied
appellant’s motion. Appellant now challenges the convicting court’s denial of his motion for
post-conviction DNA testing.
Background
           Appellant attached an affidavit to his motion, stating that various pieces of evidence,
including his clothing, the victim’s clothing and medical evidence existed at the time of his
trial. Pursuant to the Texas Code of Criminal Procedure, the State filed a written response
with the convicting court, stating that there is no evidence to test. The State attached to its
response affidavits from the Harris County District Clerk’s office, reflecting that there was
no evidence in its custody, and the Harris County Sheriff’s Department, stating that because
there was no case number no evidence could be located.
Discussion
Threshold Issues
           A. Written Order
           The State contends that this Court should dismiss the appeal because the trial court
did not render a written, appealable order on appellant’s post-conviction DNA motion. See
Tex. R. App. P. 26.2. It is undisputed that the trial court did not originally render a written
order ruling on appellant’s motion.
           Dealing with the same issue, the Texarkana Court of Appeals held that the trial court
is required to enter a written order in resolving a motion seeking DNA testing of evidence. 
In re Johnston, 79 S.W.3d 195, 198 (Tex. App.—Texarkana 2002, no pet.).     In reaching its
conclusion, the court analyzed article 64.05 of the Texas Code of Criminal Procedure, which
permits an appellant to appeal from the trial court’s findings under articles 64.03 and 64.04. 
See Tex. Code Crim. Proc. arts. 64.03–64.05. In general, an appeal may not be taken from
a court’s oral disposition. Johnston, 79 S.W.3d at 198. The rules of appellate procedure
presuppose that a written order or judgment is in existence and sets up various timetables
based on that written determination. See Tex. R. App. P. 26.2. Although article 64.05 does
not specifically require that a written order be made if a convicting court does not find that
testing should be conducted, it is necessarily implied that the convicting court must make a
written order in making its determination from which appellant has a right to appeal. Id. at
art. 64.05. We agree with the Texarkana Court of Appeals and hold that a written order is
required for an appeal from a convicting court’s ruling on a post-conviction motion for DNA
testing.
           This Court abated the case to the convicting court to render a written order on
appellant’s post-conviction DNA motion. We have received the written order and overrule
the State’s first threshold issue as moot.
           B. Appellate Jurisdiction
           The State also contends that this Court has no statutory authority to consider this
appeal because the convicting court did not make any appealable findings under article 64.03. 
The State argues that the convicting court summarily denied the motion without ruling on the
merits and that appellant’s motion for DNA testing failed to meet threshold requirements of
chapter 64 and was inadequate.
           The Texas Court of Criminal Appeals has noted that the legislative history of chapter
64 shows that the Legislature intended to authorize appellate review of all of a convicting
court’s article 64.03 determinations. Kutzner v. State, 75 S.W.3d 427, 434 (Tex. Crim. App.
2002). 
           Here, the convicting court denied appellant’s motion after the State responded and
filed affidavits showing that it could not deliver the evidence because it did not exist. The
convicting court denied appellant’s motion, thus making an implied determination that the
evidence did not exist in accordance with article 64.03. Tex. Code Crim. Proc. art. 64.03–
.04 (Vernon Supp. 2002). We hold that article 64.05 allows appellant to appeal to this Court
the convicting court’s denial of his post-conviction DNA motion. See Kutzner, 75 S.W3d
at 434. We overrule the State’s second threshold issue.
Post-Conviction DNA Hearing
           In his first four points of error, appellant contends that the convicting court violated
his rights under the United States Constitution and the Constitution of the State of Texas, to
due process,


 by disposing of his motion for post-conviction DNA testing in his absence, and
to confront and cross-examine witnesses,


 by disposing of the “final hearing” through
affidavits.
           Appellant’s arguments presume that chapter 64 requires the convicting court to
conduct an evidentiary hearing to determine whether the pertinent evidence exists. However,
in Rivera, the Court of Criminal Appeals dealt with this issue and held that “nothing in article
64.03 requires a hearing of any sort concerning the trial court’s determination of whether a
defendant is entitled to a DNA testing.” See Rivera v. State, No. 74,359, slip op. at 5 (Tex.
Crim. App. Nov. 6, 2002).
           The Texas Legislature created chapter 64 as a new procedure by which a convicted
person could, under certain circumstances, have a new analysis or re-analysis of DNA
evidence in his case. In doing so, the legislature set out very specific steps to be followed. 
The legislature clearly expressed its desire to allow a court to order DNA testing under
strictly limited circumstances.
           Article 64.01 requires the convicted person to file a sworn affidavit “containing
statements of fact in support of the motion.” See art. 64.01. On receipt of appellant’s
motion, article 64.02 requires the attorney for the state to deliver the evidence or to explain
in writing why it cannot do so. Then article 64.03 allows the court to order DNA testing if
the court makes certain findings.
           The statute requires the convicted person to accompany his motion with an affidavit;
however, the statute requires the state to deliver existing evidence to the court or to explain
in writing why it cannot deliver the evidence. We are convinced, based on the language of
chapter 64, that the convicting court, in reaching a decision on whether or not the evidence
exists, may reach that decision based on the sufficiency of the state’s written explanation. 
No evidentiary hearing is required, and the state is not required to accompany its response
with affidavits.
I. Sixth Amendment’s Confrontation Clause
           A. Appellant’s Presence at Post-conviction DNA Hearing
           Appellant claims that the Sixth Amendment’s Confrontation Clause guarantees his
right to be present at a post-conviction DNA proceeding. The Sixth Amendment provides
in part that “in all criminal prosecutions, the accused shall enjoy the right to be confronted
with witnesses against him.” U.S. Const. amend. VI. The Supreme Court has recognized
that a major reason underlying the right to confront witnesses is to give a defendant charged
with a crime an opportunity to cross-examine the witnesses against him. Pointer v. Texas,
380 U.S. 400, 406-7, 85 S. Ct. 1065, 1069 (1965). In addition, the Supreme Court has
recognized that a defendant’s denial of confrontation calls into question the ultimate
"integrity of the fact-finding process." Chambers v. Mississippi, 410 U.S. 284, 295, 93 S.
Ct. 1038, 1046 (1973).
           The State cites United States v. Hayman and argues that we should analogize a post-conviction DNA proceeding to that of a habeas corpus proceeding because, unlike a criminal
trial where the guilt of the defendant is in issue and his presence is required by the Sixth
Amendment, a proceeding such as a post-conviction DNA or habeas corpus proceeding is
independent and makes a collateral inquiry into the validity of the conviction. See United
States v. Hayman, 342 U.S. 205, 222-23, 72 S. Ct. 263, 274 (1952). The State also argues
that the constitutional right of an accused to be confronted with witnesses against him is
applicable only to criminal proceedings, thus it cannot be claimed that the petitioner had a
right of confrontation in a non-criminal, post-conviction proceeding and cites Burgess v.
King, for that proposition. 130 F.2d 761, 762 (8th Cir. 1942).
           Appellant, relying on Ruiz v. State, claims that a DNA testing proceeding is “similar
in nature” to a hearing on a motion for new trial. Appellant contends that because a
defendant’s presence is required by the Texas Constitution at a hearing on a motion for new
trial, it should be required at a post-conviction DNA testing proceeding. See Ruiz v. State,
242 S.W. 231, 232 (Tex. Crim. App. 1922).
           We agree with the State; appellant’s exclusion from the post-conviction DNA hearing
did not implicate his rights under the Confrontation Clause. The convicting court relied on
the State’s response to dismiss the motion. However, these documents were not accusatory,
they were filed in response to appellant’s motion. See Tex. Code Crim. Proc. art. 64.02(2). 
Unlike a criminal trial, consideration of a post-conviction DNA proceeding does not
necessarily involve any witnesses or accusations against the appellant.
           The Court of Criminal Appeals has held that a defendant has no constitutional right
to be present at post-conviction writ of habeas corpus proceedings. See Ex parte Mines, 26
S.W.3d 910, 914-15 (Tex. Crim. App. 2000). We conclude, as the Court of Criminal
Appeals did in Mines, that, like an applicant for post-conviction writ of habeas corpus, an
applicant for a post-conviction DNA proceeding enjoys neither a presumption of innocence
nor a constitutional right to be present at a hearing. Id. at 914.
 
 
           B. Appellant’s right to cross-examine “witnesses”
           Appellant contends that he was also denied the right to cross-examine the evidence
custodian for the Harris County Sheriff’s Department and the exhibits clerk for the Harris
County District Clerk’s Office. We have held that the confrontation clause does not give
appellant the right to be physically present at a post-conviction proceeding. For the same
reasons, we hold that appellant does not have a right to cross-examine witnesses.
II. Due Process Clause in Post-Conviction DNA proceedings
           The appellant also contends that his absence from a proceeding violates his rights
under the Due Process Clause.


 The Fourteenth Amendment’s due process guarantee of
fundamental fairness requires the State to take steps to assure that criminal defendants have
a fair opportunity to present their defense. U.S. Const. amend. XIV. The Supreme Court’s
decisions have not supported the proposition that the Fourteenth Amendment assures the
privilege of defendant’s presence when presence would be useless. See Snyder v.
Massachusetts, 291 U.S. 97, 106-07 (1934). Appellant was represented by appointed counsel
during the entire proceeding as provided by Chapter 64. See art. 64.01(c). We hold there is
nothing fundamentally unfair about the procedures set out in chapter 64 and followed by the
convicting court, and we further hold that the procedures do not violate appellant’s due
process rights. We overrule appellant’s first four points of error.
 
Hearsay Objection
           In his fifth point of error, appellant claims that the court erred by admitting into
evidence the State’s affidavits during his post-conviction DNA motion hearing because they
were inadmissible hearsay, in violation of the Texas Rules of Evidence. We have determined
that no evidentiary hearing is required in considering whether DNA evidence exists and that
the State’s written explanations need not be accompanied by affidavits. We overrule
appellant’s fifth point of error.
Denial of Post-Conviction DNA Motion
           In his sixth point of error, appellant contends that the convicting court erred in
denying his motion for DNA testing. Appellant claims the affidavits presented by the State
during the hearing of his post-conviction DNA motion were insufficient to prove there was
no evidence to test. We have already decided that it was not necessary for the State to file
affidavits and that the court can rule based on the convicted person’s motion and affidavit
and the State’s written response.
           The State’s response explained that there was no evidence to test because: “According
to the records of the Harris County District Clerk’s Office, the Clerk’s Office does not have
possession of any evidence in cause no. 147124, the State of Texas v. Donald Ray Cravin. 
Also, according to the records of the Harris County Sheriff’s Department, the offense report
number is unknown and there is no record of any evidence in cause no. 147124.” We
conclude that the statements made by the State in its response are sufficient for the court to
find that the evidence does not exist. We overrule appellant’s sixth point of error.Conclusion
           We affirm the convicting court’s denial of appellant’s post-conviction DNA motion.
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Radack.
Publish. Tex. R. App. P. 47.