Opinion issued March 27, 2003







 
 


 



In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00307-CR




ALEX CANTU MARTINEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 477862




MEMORANDUM OPINION

          Alex Cantu Martinez, appellant, was convicted of aggravated sexual assault in
1987 and the jury assessed punishment at confinement for life. Appellant’s
conviction was affirmed by this Court in Martinez v. State, No. 01-88-00062-CR
(Tex. App.—Houston [1st Dist.] Nov. 23, 1988) (not designated for publication). 
Appellant filed a motion requesting post-conviction DNA testing pursuant to Code
of Criminal Procedure articles 64.01-.05. See Tex. Code Crim. Proc. Ann. art
64.01-.05 (Vernon Supp. 2003). The State filed a response to appellant’s motion, as
required by article 64.02, stating that the evidence had been destroyed, and thus there
was no evidence to test. A hearing was held in the presence of the State and
appellant’s counsel. Appellant was not present at the hearing, and appellant’s counsel
objected to his absence. The trial court denied appellant’s motion for DNA testing. 
          We affirm. 
Issues
          In his first and second points of error, appellant contends that the trial court
violated his rights under the United States Constitution and the Constitution of the
State of Texas, to due process,


 by conducting a hearing regarding appellant’s post-trial DNA motion without appellant’s being present. In his third and fourth points of
error, appellant contends that the trial court violated his rights under the United States
Constitution and the Constitution of the State of Texas, to due process, by denying
appellant the opportunity to confront and cross-examine witnesses.



          This Court has held that a convicted person has no constitutional right to be
present at a post-conviction DNA hearing, nor does he have a right to cross-examine
witnesses. Cravin v. State, 95 S.W.3d 506, 510 (Tex. App.—Houston [1st Dist.]
2002, no pet.). 
          We overrule appellant’s points of error.
Conclusion
          We affirm the judgment of the trial court. 
                                                                                                                          
                                                        /s/  Laura C. Higley 
                                                             Justice

Panel consists of Justices Taft, Keyes, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).