In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-02-00908-CR
____________

CLYDE EDWARD WOMACK, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 630185




MEMORANDUM OPINION
           Clyde Edward Womack, appellant, was convicted on December 11, 1992, of
aggravated sexual assault of a child. The court assessed his punishment at 35 years
confinement.


 In September 2001, appellant filed his motion for preservation and forensic
testing of DNA evidence, as allowed by the Texas Code of Criminal Procedure. See Tex.
Code Crim. Proc. Ann. arts. 64.01-64.05 (Vernon Supp. 2003). The convicting court found
that the evidence relating to the offense had been destroyed and thus denied the DNA testing. 
Appellant appeals the convicting court’s denial of his post-conviction motion for DNA
testing of evidence. We affirm.
Background
           Appellant’s affidavit states that there was evidence, gathered from the complainant
and the scene of the crime, which would have contained the DNA of the actor of the alleged
offense. The State’s response included an affidavit from Margaret Turner of the Houston
Police Department, which affidavit stated that a rape kit in a brown bag had been destroyed
on October 7, 1997. The State also included an affidavit from Melchora Vasquez of the
Harris County Clerk’s Office, which affidavit stated that the only remaining evidence in the
case was one fingerprint card and two pen packets. At the first hearing, the court requested
that the State examine its file and that of the police department to determine if there was a
court order authorizing the destruction of the rape kit. The State filed an amended response
and included a disposition authorization that showed that the rape kit had been destroyed
pursuant to city ordinance. The State also included an affidavit from James Bolding of the
Houston Police Department Crime Lab, which affidavit stated that the Crime Lab had no
evidence from the incident. At the second hearing, the court denied the motion because there
was no evidence upon which to conduct a DNA test.
 
 
Discussion
Post-Conviction DNA Hearing
           In his first two points of error, appellant contends that the post-conviction hearing
violated his constitutional rights because he was not present. Though appellant may not have
had the benefit of the reporter’s record at the time that he drafted his brief, this Court, by
order dated January 30, 2003, granted appellant leave to supplement his brief with the benefit
of the record, which was filed late. The reporter’s record clearly states that, appellant and
his counsel were present during both hearings conducted by the trial court.
           We overrule appellant’s first two points of error.
Confrontation Clause 
           In his third and fourth points of error, appellant contends that his federal and state
constitutional rights were violated because he was denied the opportunity to confront and
cross-examine the State’s witnesses against him. This court held in Cravin v. State that an
appellant does not have a constitutional right to cross-examine witnesses at a post-conviction
hearing. Id., 95 S.W.3d 506, 510 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). Unlike
at a criminal trial, the appellant does not have a right to be physically present at a post-conviction proceeding and so does not have the right to confront and cross-examine
witnesses. Id.
           We overrule appellant’s third and fourth points of error.
 
 
Hearsay Objection
           Though appellant offers no supporting argument, he does list a fifth point of error in
his brief. Appellant contends that the trial court erred in admitting affidavits against him
because they constituted inadmissible hearsay in violation of the Texas Rules of Evidence. 
This Court addressed the same issue in Cravin: “We have determined that no evidentiary
hearing is required in considering whether DNA evidence exists and that the State’s written
explanations need not be accompanied by affidavits.” Id., 95 S.W.3d at 511.
           We overrule appellant’s fifth point of error.
Conclusion
           We affirm the convicting court’s denial of appellant’s post-conviction DNA motion.



                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Justices Hedges, Nuchia, and Keyes.
Do not publish. Tex. R. App. P. 47.2(b)