Affirmed and Opinion filed _____________, 2003
















Affirmed and Memorandum
Opinion filed October 7, 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01195-CR

____________

 

RICHARD HAYNES,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 174th District Court

Harris
 County, Texas

Trial Court Cause
No. 414,238




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            Appellant Richard Haynes appeals
from the trial court’s order denying his post-conviction motion for DNA
testing.  He was convicted of aggravated
sexual assault of a child and the trial court assessed punishment at fifty
years’ imprisonment.[1]  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion. See Tex. R. App. P. 47.1.  We affirm.

            In
his first four issues, appellant argues the trial court violated his
constitutional rights under the Sixth and Fourteenth Amendments of the U.S.
Constitution and Article I, Section 10 of the Texas Constitution by (1)
conducting a final hearing on the motion without his presence, and (2) denying
him the opportunity to confront and cross-examine witnesses.  The State contends appellant’s issues should
be overruled because the trial court found appellant was present when it
considered the motion.  We agree with the
State’s contention.

            Even had appellant not been present
at the hearing, however, his contentions are without merit.  Our sister court in Cravin v. State, 95 S.W.3d 506 (Tex. App.—Houston
[1st Dist.] 2002, pet. ref’d), rejected arguments similar to those advanced
here.  Noting that an applicant for DNA
testing is not entitled to any sort of hearing, see Rivera v. State, 89 S.W.3d 55, 58 (Tex.Crim.App.2002), cert. denied, --- U.S.
----, --- S.Ct. ----, 72 U.S.L.W. 3146 (2003), the Cravin court
concluded that a Chapter 64 proceeding does not implicate rights under the respective
confrontation clauses because it need not involve witnesses or accusations
against the applicant.  See 89 S.W.3d
at 509-10.  Rather, as a collateral
inquiry into the validity of the conviction, a Chapter 64 proceeding entails a
motion made by the applicant followed by the State’s non-accusatory required response.
See id. at
510.  Further, Chapter 64 proceedings are
not fundamentally unfair and do not violate the appellant’s federal and state
due process rights.  Id.  Accordingly, appellant’s
first four issues are overruled.

            In his fifth issue, appellant argues
the trial court erred in considering affidavits submitted by the State since
those documents constitute inadmissible hearsay.  But his contention assumes a Chapter 64 proceeding
is governed by the rules of evidence.  The Court of Criminal Appeals has held it is
not.  See
Rivera, 89 S.W.3d
at 58-59.  Indeed, the Rivera court noted, “Nothing in Article
64.03 requires a hearing of any sort concerning the trial court’s determination
of whether a defendant is entitled to DNA testing.”  Id. 
The statute specifically contemplates a post-conviction proceeding with
submissions of affidavits from the applicant and a written response from the
State, rather than an evidentiary hearing.  See Tex. Code Crim. Proc. arts. 64.01(a),
64.02(2)(B).  As part of its required
written response in this matter, the State submitted the affidavits and the
trial court did not err in its consideration of them.  Appellant’s fifth issue is therefore overruled.

            In his sixth issue, appellant argues
the trial court erred in denying his motion for DNA testing since the State
failed to establish whether the evidence was in existence and in the possession
of the State.  This claim was also raised
and rejected in Cravin. See 95 S.W.3d at 511.  Similarly, the State’s response here stated
that neither the Property Room of the Houston Police
Department (“HPD”), the HPD Crime Laboratory, nor the Harris County District
Clerk’s Office was in possession of any evidence in this matter.  Absent an indication that an agency other
than HPD possessed evidence in the case at any time, the State's general
response was sufficient.  The State was
not required to obtain affidavits from every criminal justice department in the
county as to criminal investigations in which they were not involved.

Ultimately, however, this Court need not address appellant’s
contention as the trial court’s judgment denying his motion can be affirmed on another
ground.  According to Article 64.03(a)(2)(A),
before granting the applicant’s motion a convicting court must find the
applicant has established by a preponderance of the evidence that “a reasonable
probability exists that the person would not have been prosecuted or convicted
if exculpatory results had been obtained through DNA testing.”  The trial court here found appellant failed
to establish the existence of such a reasonable probability.  Appellant does not challenge this finding on appeal.  Neither his brief nor his motion explains how
the test results could prove his innocence.[2]  Therefore, since appellant failed to satisfy
at least one of the requirements listed in Article 64.03, the trial court did
not err in denying his motion for DNA testing. 
Accordingly, appellant’s sixth issue is overruled.

 

The judgment of the trial court is affirmed.

 

 

 

                                                                                    

                                                                        /s/        Scott Brister

                                                                                    Chief
Justice

 

Judgment rendered and Memorandum Opinion
filed October 7, 2003.

Panel consists of Chief Justice Brister and
Justices Anderson and Seymore.

Do Not Publish –– Tex. R. App. P. 47.2(b).

 

 

 

 

 











[1] The
First Court of Appeals affirmed appellant’s conviction.  See
Haynes v. State, 727 S.W.2d 294 (Tex. App.—Houston
[1st Dist.] 1987, no pet.).





[2]
Appellant’s brief does not even mention how DNA testing relates to proof of his
innocence.  His motion merely makes conclusory statements that the tests would either “prove he
is not guilty” of the offense or “exclude [him] as the person involved in the
offense.”  Appellant has thus failed to
carry his burden.