Opinion issued October 16, 2003
















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01036-CR




LISA ANN SPENCER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 806410




MEMORANDUM OPINION
           Appellant, Lisa Ann Spencer, was convicted of aggravated assault for threatening a
store clerk with a screwdriver. The jury assessed punishment at 28 years at confinement. 
The Fourteenth Court of Appeals affirmed her conviction. Spencer v. State, No. 14-99-00969-CR, (Tex. App.—Houston [14th Dist.] November 30, 2000, no pet.) (not designated
for publication). Appellant subsequently requested DNA testing of the screwdriver. The trial
court held a hearing on the motion, accepted the State’s findings of fact, and denied the
request for DNA testing. Appellant asserts that (1) the trial court erred by denying appellant
the ability to confront and cross-examine the witnesses against her, as required under state
and federal law; (2) the trial court erred in considering the State’s affidavits, as they were
inadmissible hearsay; and (3) the trial court erred in denying DNA testing when the State
failed to establish that no testable materials were still in the State’s possession.BACKGROUND
           In the commission of her offense, appellant thrust a screwdriver at complainant’s
head. Complainant raised his arm to protect himself from the screwdriver and the weapon
pierced his hand. Appellant requested that the screwdriver used in her offense be DNA
tested for the victim’s blood. The State’s response included an affidavit from Melchora
Vasques of the Harris County District Clerk’s office, stating that the clerk’s office had the
screwdriver. The State submitted findings for the trial court’s approval that neither the
Houston Police Department Crime Lab nor the Houston Police Department property room
had evidence of the incident. The trial court conducted a hearing on the motion for DNA
testing. After the hearing, the trial court adopted the State’s findings of fact and denied
appellant’s request for DNA testing. 

DISCUSSIONIn her first and second points of error, appellant contends that her federal and state
constitutional rights were violated by not having the opportunity to cross-examine the
witnesses against her. In her third point of error, appellant asserts that the affidavits used
against her were inadmissible hearsay in violation of the Texas Rules of Evidence. We
overrule appellant’s first, second, and third points of error. See Cravin v. State, 95 S.W.3d
506, 510-11 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).
Denial of DNA testing
           In her fourth point of error, appellant contends that the trial court committed reversible
error in denying the appellant DNA testing of biological materials, because the State failed
to establish that no such materials were still in the possession of the State. The State did
establish by affidavit that the screwdriver from the incident was in the possession of the
Harris County District Clerk’s office. However, the record does not show whether there is
any DNA material that could be tested actually on the screwdriver. The appellant has the
burden of proving that there is testable material; here the appellant has failed to meet this
burden under article 64.01 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann.
art. 64.01 (Vernon 2003).
           Article 64.03 of the Texas Code of Criminal Procedure provides that not only must
the evidence be available for testing, but there should also be a reasonable probability that
DNA testing could exonerate the person. Tex. Code Crim. Proc. Ann. art. 64.03 (Vernon
Supp. 2003). The relevance of the evidence is at issue, as well as the availability.
           In this case, there were multiple eyewitness verifications that appellant was at the
scene and swung at the complainant with the screwdriver. The Texas Penal Code outlines
one definition of assault as when a person “intentionally or knowingly threatens another with
imminent bodily injury.” Tex. Pen. Code Ann. § 22.01(a)(2) (Vernon 2003). Aggravated
assault follows the definition of assault in Section 22.01, but includes the use of a deadly
weapon. Tex. Pen. Code Ann. § 22.01(a)(2) (Vernon 2003). The jury was instructed that
it could convict for aggravated assault on threat of bodily injury alone, without actual contact.
           Any DNA evidence that might be found if the screwdriver were to be tested could
only go to whether appellant struck the complainant. This evidence would not be dispositive
of whether appellant committed assault. The issue would still be decided on the eyewitness
testimony that appellant threatened the complainant with the screwdriver. See generally
Thompson v. State 95 S.W.3d 469, 472 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d)
(DNA testing on box cutter for complainant’s blood denied because of eyewitnesses and
weight of other evidence tending toward appellant’s guilt). Appellant has failed to establish
that there is a reasonable probability that DNA testing could exonerate her. Therefore, we
overrule the appellant’s fourth point of error.
 

CONCLUSION
           We affirm the decision of the trial court.
 




                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Justices Hedges, Nuchia, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).