Opinion issued on November 20, 2003











     



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00121-CR




EDDIE DONALD GATES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 729398




MEMORANDUM OPINION

          A jury convicted appellant, Eddie Donald Gates, of murder and assessed
punishment at confinement for 25 years. Appellant’s conviction was affirmed by this
Court in Gates v. State, 24 S.W.3d 439, 441 (Tex. App.—Houston [1st Dist.] 2002,
pet. ref’d). Appellant moved for post-conviction DNA testing. The convicting court
denied appellant’s motion. Appellant now challenges the convicting court’s denial
of his motion for post-conviction DNA testing. We affirm.
PROCEDURAL BACKGROUND
           Appellant filed a motion requesting post-conviction DNA testing pursuant to
Code of Criminal Procedure articles 64.01-.05. See Tex. Code Crim. Proc. Ann. art.
64.01-.05 (Vernon Supp. 2003). Counsel was appointed to assist appellant with the
motion. Appellant attached an affidavit to his motion, stating that exculpatory
biological evidence, gathered from the complainant and the crime scene, existed at
the time of his trial. 
          The State filed a response to appellant’s motion, as required by article 64.02. 
The State’s response included affidavits detailing the evidence that had been located
from the instant cause. A hearing was held in the presence of the State and
appellant’s counsel. Appellant was not present at the hearing, and appellant’s counsel
objected to his absence. Appellant’s counsel also objected to the trial court’s
consideration of affidavits attached in support of the State’s response, on the basis
that “such affidavits cannot be cross examined.” The trial court denied appellant’s
motion and adopted the State’s proposed findings of fact and conclusions of law. 
DISCUSSION
          In his first and second points of error, appellant argues that the trial court
violated his due process rights under the United States Constitution and the
Constitution of the State of Texas, by denying appellant the opportunity to confront
and cross-examine witnesses. In his third point of error, appellant contends that the
trial court erred in considering affidavits submitted by the State because they
constituted inadmissible hearsay in violation of the Texas Rules of Evidence. 
          In reviewing a trial court’s DNA-testing ruling, we afford almost total
deference to the determination of historical fact issues and application-of-law-to-fact
issues that turn on credibility and demeanor, and we review other application-of-law-to-fact issues de novo. See Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002)
(citing Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). Here, because
there were no credibility determinations to be made, we review the trial court’s legal
conclusion de novo. See id. 
          In his first two points of error, appellant contends that, because he was not
present during the post-conviction hearing, and, because the trial court disposed of
the hearing through affidavits, appellant was denied the opportunity to confront and
cross-examine the State’s witnesses, in violation of his federal and state 
constitutional rights. See U.S. Const. amend. VI, amend. XIV; Tex. Const. art. 1,
§ 10. We address appellant’s points of error together.



          This court held in Cravin v. State that an appellant does not have a
constitutional right to be present at a post-conviction hearing; nor does he have a
right to confront and cross-examine witnesses. 95 S.W.3d 506, 510 (Tex.
App.–Houston [1st Dist.] 2002, pet. ref’d); Griggs, 99 S.W.3d at 721. We overrule
appellant’s first and second points of error.
          In his third point of error, appellant contends that the trial court erred in
considering affidavits submitted by the State because they constituted inadmissible
hearsay in violation of the Texas Rules of Evidence. In Cravin, we determined that
no evidentiary hearing is required in considering whether DNA evidence exists and
that the State’s written explanations need not be accompanied by affidavits. Cravin,
95 S.W.3d at 511; see also Rivera, 89 S.W.3d at 59 (affidavit evidence is perfectly
acceptable in this context). Accordingly, we overrule appellant’s third point of error.
CONCLUSION
          We affirm the convicting court’s denial of appellant’s post-conviction DNA
motion.
 

 
                                                             Sherry Radack
                                                             Chief Justice 
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).