Opinion issued November 20, 2003 








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01018-CR




LOUIS SHANNON BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 10th District Court 
Galveston County, Texas
Trial Court Cause No. 95CR1804




MEMORANDUM OPINION 

          Appellant, Louis Shannon Brown, challenges the convicting court’s order
denying his motion for post-conviction DNA testing. In his sole point of error,
appellant contends that the convicting court erred in finding that the evidence was
“not in a condition making DNA testing possible.” 
          We affirm.
Background Facts
          Appellant pled guilty to murder in 1997 and was sentenced to 23 years’
confinement in prison. In 2002, appellant filed a motion for DNA testing. The
convicting court ordered the State to deliver the requested evidence to the court for
testing or explain in writing why the State could not deliver the evidence. The State’s
counsel notified both the convicting court and appellant’s counsel in writing that
“with regard to further DNA testing, there is no remaining sample to submit for
testing.” 
          Two months later, the State filed an “Evidence Records Affidavit.” The
affidavit was signed by Robin Freeman, supervisor for the serology/DNA testing
section of the Texas Department of Public Safety (“DPS”). In her affidavit, Freeman
stated that “the minute quantity of blood” found on the right tennis shoe of Detrick
D. Ruben


 “was consumed during analysis performed in 1996.” Freeman attached a
copy of the DPS’s lab report, dated June 3, 1995, to her affidavit. Under the heading
of “Results of Analysis,” the report stated as follows: “Human blood was detected on
Detrick D. Ruben’s right shoe. The minute quantity of blood present on this shoe was
consumed during analysis . . . .” 
          Although not required, the convicting court conducted a hearing on appellant’s
motion for DNA testing. At the hearing, the State introduced Freeman’s affidavit and
the attached lab report into evidence. Reading from the affidavit and lab report, the
State’s counsel represented to the convicting court that no evidence remained that
could be subject to DNA testing. The trial court then asked appellant’s counsel to
respond. Appellant’s counsel stated that Freeman’s affidavit “appear[ed] regular on
its face,” and that, because appellant had no evidence to contradict the statements in
the DPS report, appellant was “left with little to do but to accept the results of the
affidavit.”
          The convicting court signed an order finding that the evidence was insufficient
to order DNA testing because “[t]he evidence in question is not in a condition making
DNA testing possible.” The convicting court made no other findings related to
appellant’s request for DNA testing. 
Discussion
          In one issue, appellant complains that the convicting court erred in making its
finding that “[t]he evidence in question is not in a condition making DNA testing
possible.” Appellant argues that the finding was in error because the State failed to
meet its burden to provide the following: (1) a detailed explanation of how the
biological material, i.e., the blood on the shoe, was destroyed and (2) any notes
related to the destruction of the material, which may indicate whether any material or
material byproduct remains for testing. In essence, appellant complains that the
evidence was insufficient to support the trial court’s finding.
          A convicting court may order post-conviction DNA testing only if the court
finds that evidence still exists in a condition making DNA testing possible. See Tex.
Code Crim. Proc. art. 64.03(a)(1)(A)(i) (Vernon Supp. 2004). Because it is a
determination of historical fact, we afford almost total deference to the convicting
court’s finding made pursuant to subarticle 64.03(a)(1)(A)(i). Riveria v. State, 89
S.W.3d 55, 59 (Tex. Crim. App. 2002). 
          Code of Criminal Procedure article 64.02 provides that, once it has received a
motion for DNA testing, the convicting court shall require the State’s attorney either
to deliver the evidence to the court, or to provide a written explanation to the
convicting court why it cannot deliver the evidence. See Tex. Code Crim. Proc.
Ann. art. 64.02 (Vernon Supp. 2004). In this case, the State met its burden under
article 64.02(2)(B) when it provided a written explanation to the court that, “with
regard to further DNA testing, there is no remaining sample to submit for testing.” 
          Article 64.02(2)(B) does not require the State to provide detailed information
relating to the destruction of the evidence, or its present status, condition, or
whereabouts. See id. art. 64.02(2)(B). To the contrary, we held in Cravin v. State,
that “the convicting court, in reaching a decision on whether or not the evidence
exists, may reach that decision based on the sufficiency of the [S]tate’s written
explanation. No evidentiary hearing is required, and the [S]tate is not required to
accompany its response with affidavits.” 95 S.W.3d 506, 509 (Tex. App.—Houston
[1st Dist.] 2002, pet. ref’d). 
          In any event, the State in this case offered adequate evidence—in the form of
Freeman’s affidavit and the accompanying DPS lab report—to support the convicting
court’s finding that “[t]he evidence in question is not in a condition making DNA
testing possible.” Appellant offered no evidence to the contrary. Thus, we hold that
the convicting court did not err in entering the challenged finding. See Shannon v.
State, No. 74,317, slip op. at 4-5 (Tex. Crim. App. June 18, 2003) (holding trial court
could have reasonably concluded that no evidence pertaining to offense existed; State
had supported response to motion for DNA testing with copies of police records
showing what evidence had existed and affidavit of evidence records custodian
stating evidence had been destroyed; and appellant offered no evidence to the
contrary).
          We overrule appellant’s sole point of error.
 

Conclusion
          We affirm the order of the convicting court.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Hedges, Nuchia, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).