Affirmed and Memorandum Opinion filed March 16, 2004









Affirmed and Memorandum Opinion filed March 16, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00595-CR

____________

 

JAMES L. BRYAN
a/k/a JAMES L. BRYANT a/k/a ELBERT LEE BRYANT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th District
Court 

Harris County,
Texas

Trial Court Cause No.
262,342

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from the denial of
appellant=s post-conviction motion for DNA testing
under Chapter 64 of the Texas Code of Criminal Procedure.  Appellant brings six issues challenging the
constitutionality of the proceedings.  Because all dispositive issues are
clearly settled in law, we issue this memorandum opinion.  See Tex.
R. App. P. 47.1.  We affirm.

 








Background

On November 21, 2002, appellant filed a
post-conviction motion for DNA testing requesting testing of all biological
material in the State=s possession from his 1977 trial and
conviction for aggravated rape of a child.[1]  The trial court appointed counsel to
represent appellant.  See Tex. Code Crim. Proc. Ann. art.
64.01(c) (Vernon Supp. 2004).  The State
responded to appellant=s motion and provided affidavits and
supporting documentation of the condition of the evidence.  The trial court made findings that appellant
failed to establish  evidence still exists
in a condition making DNA testing possible or that a reasonable probability
exists that he would not have been prosecuted or convicted if exculpatory
results had been obtained through DNA testing. 
See Tex. Code Crim. Proc.
Ann. arts. 64.03(a)(1)(A)(i), 64.03(a)(2)(A) (Vernon Supp. 2004).  Accordingly, the court denied testing by
written order containing its findings and conclusions signed May 22, 2003.  Appellant filed a timely, written notice of
appeal.  

Standard of Review and Applicable Law

We review a trial court=s decision to deny
a motion for post-conviction DNA testing under a bifurcated standard of review.
 Rivera v. State, 89 S.W.3d 55, 59
(Tex. Crim. App. 2002).  Accordingly, we
afford almost total deference to the trial court=s determination of
issues of historical fact and the application of law to the fact issues that
turn on an evaluation of credibility and demeanor.  Id.  However, we review de novo the ultimate
question of whether the trial court was required to grant
a motion for DNA testing under Chapter 64 of the Texas Code of Criminal
Procedure.  See id.

Before post-conviction DNA testing may be
ordered, certain criteria set forth in the statute must be established:








(a) 
A convicting court may order forensic DNA testing under this chapter
only if:

(1) the court finds that:

(A) the evidence:

(i) still exists and is in a
condition making DNA testing possible; 
and

(ii) has been subjected to a chain
of custody sufficient to establish that it has not been substituted, tampered
with, replaced, or altered in any material respect;  and

(B) identity was or is an issue in
the case;  and

(2) the convicted person
establishes by a preponderance of the evidence that:

(A) a reasonable probability exists
that the person would not have been prosecuted or convicted if exculpatory
results had been obtained through DNA testing; 
and

(B) the request for the proposed
DNA testing is not made to unreasonably delay the execution of sentence or
administration of justice.

Act of April 5, 2001, 77th Leg. R.S., ch. 2, ' 2, 2001 Tex. Gen.
Laws 2 (amended 2003) (current version at
Tex. Code Crim. Proc. Ann. art. 64.03(a) (Vernon Supp. 2004)).[2]  By its explicit terms, Chapter 64 does not
require the trial court to grant a request for DNA testing unless the statutory
preconditions are met.  Bell v. State,
90 S.W.3d 301, 306 (Tex. Crim. App. 2002).

Appellant=s Issues

In his first four issues, appellant argues the trial court
violated his constitutional rights under the Sixth and Fourteenth Amendments of
the U.S. Constitution and Article I, Section 10 of the Texas Constitution by
(1) conducting a final hearing on the motion without his presence, and (2)
denying him the opportunity to confront and cross-examine witnesses.  








The First Court of Appeals considered the same issues in Cravin
v. State, 95 S.W.3d 506, 510 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d), and held them to be without
merit.  We have followed the reasoning of
our sister court in addressing these issues. 
See Nunez v. State, 14-02-00684-CR (Tex. App.CHouston [14th Dist.] June 12, 2003,
pet. ref=d) (not designated for publication); Calvin
v. State, 14-02-01204-CR (Tex. App.CHouston [14th Dist.] October 9, 2003,
pet. filed) (not designated for publication). 
We hold appellant=s claims are groundless and overrule issues one through four.

In his fifth issue, appellant argues that the trial court
erred in considering inadmissible hearsay affidavits submitted by the
State.  No hearing is required before a
trial court makes its determination under article 64.03 whether to order
forensic DNA testing.  See Rivera v.
State, 89 S.W.3d 55, 58 (Tex. Crim. App. 2002).  The statute specifically contemplates a
post-conviction proceeding with submission of affidavits from the applicant and
a written response from the State, rather than an evidentiary hearing.  See Tex.
Code Crim. Proc. Ann. arts. 64.01(a), 64.02(2)(B)(Vernon Supp.
2004).  Moreover, the State is not
required to file affidavits with its response to an applicant=s motion for DNA
testing; the court may reach a decision based solely on the convicted person=s motion and
affidavit and the State=s response.  Cravin, 95 S.W.3d at 509.  Therefore, the trial court=s decision need
not be based on the State=s affidavits.  We overrule appellant=s fifth issue.  

In his sixth issue, appellant contends the trial court erred
in denying his motion for DNA testing. 
Specifically, appellant claims that the State failed to establish that
the requested materials were no longer in possession of the State.  








Under Chapter 64, appellant bears the initial burden of
showing that biological evidence was secured in relation to the underlying
offense and was in the State=s possession during trial, but the evidence was not
previously tested for DNA.  Tex. Code Crim. Proc. Ann. art.
64.03(b) (Vernon Supp. 2004); see also Murphy v. State, 111 S.W.3d 846,
849 (Tex. App.CDallas 2003, no pet.).  Appellant alleged that the State possesses
previously untested evidence obtained during the investigation of his case, but
he failed to identify that evidence.  In
response to appellant=s motion, the State explained that the requested materials
were not in possession of the Harris County District Clerk=s Office or the Houston Police
Department.  The State provided
affidavits to support its contentions.

A court may order post-conviction DNA testing only if the
court finds that the evidence still exists in a condition making DNA testing
possible.  Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i) (Vernon
Supp. 2004).  The court found appellant
failed to meed his burden to establish this requirement.  See Cravin, 95 S.W.3d at 510.[3]  We overrule appellant=s sixth issue.  

Accordingly, the judgment of the trial
court is affirmed.

 

PER CURIAM

 

Judgment
rendered and Memorandum Opinion filed March 16, 2004.

Panel consists
of Chief Justice Hedges and Justices Frost and Guzman.  

Do Not Publish C Tex. R.
App. P. 47.2(b).











[1]  The Court of
Criminal Appeals affirmed appellant=s
conviction.  See Bryant v. State,
No. 58,606, slip op. (Tex. Crim. App. March 25, 1981) (per curiam) (not
designated for publication).  





[2]  The 2003
amendment to article 64.03(a)(2)  applies
to motions filed on or after September 1, 2003, and are inapplicable here.  All subsequent citations will be to the
statute in effect at the time appellant=s motion
was filed.





[3]  Moreover,
appellant offered no evidence tending to show a reasonable probability that
exculpatory DNA testing would prove his innocence.  See Kutzner v. State, 75 S.W.3d 427,
438 (Tex. Crim. App. 2002).  The trial
court=s decision could be affirmed on this basis alone.