Opinion issued on April 1, 2004.








     





In The
Court of Appeals
For The
First District of Texas




NOS. 01-03-00195-CR
          01-03-00196-CR




JOHN EDWARD MAPP, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause Nos. 732033 and 732034




MEMORANDUM OPINION

          Appellant, John Edward Mapp, pleaded guilty to sexual assault of a child in
two separate causes.


 The court sentenced appellant, pursuant to an agreed plea
bargain, to two years’ confinement in each cause. Appellant subsequently filed 
motions requesting post-conviction DNA testing in each cause, which the trial court
denied. In five points of error, appellant contends that the trial court committed
reversible error when it (1) denied appellant the opportunity to confront and cross-examine the State’s witnesses used against him at his post-conviction DNA hearing,
in violation of his state and federal constitutional rights to due process, (2) considered
hearsay evidence in the form of the State’s affidavits against appellant during
appellant’s post-conviction hearing, (3) denied appellant DNA testing of biological
materials where the evidence failed to establish that no biological materials still
existed that could be tested, and (4) failed to grant appellant’s motions for disclosure
of evidence where the record suggests that some evidence containing biological
material was still in the possession of the State. We affirm.
Background
          Appellant filed pro se motions requesting that the trial court order DNA testing
on any evidence in the State’s possession that contained biological material. 
Appellant’s counsel filed a similar motion in each cause on appellant’s behalf. None
of the motions identified the biological evidence on which appellant sought testing. 
The State filed motions requesting that the trial court deny appellant’s motions. The
State tendered three affidavits from: (1) Melchora Vasquez, Harris County District
Clerk’s Office exhibits clerk, who stated that her office possessed no evidence
relating to appellant’s cause number; (2) Jim Bolding, Houston Police Department
Crime Lab records custodian, who stated that the HPD crime lab had received no
evidence related to appellant’s case; and (3) K.L. McGinnis, Houston Police
Department records custodian, who stated and provided documentary evidence
establishing that the evidence previously in HPD’s custody relating to appellant’s
case, one sexual assault kit, had been destroyed on January 22, 1998. 
          The trial court denied appellant’s motions and adopted the State’s proposed
findings of fact and conclusions of law, finding, in part, that appellant failed to show
(1) that biological evidence still existed in a condition making DNA testing possible,
and (2) that a reasonable probability existed that he would not have been prosecuted
or convicted had exculpatory test results been obtained through DNA testing. 
Right to Confrontation
          In his first two points of error, appellant contends that the post-conviction DNA
hearing violated his state and federal constitutional rights to confrontation and cross-examination because he was not present. 
          Although the trial court’s signed orders state that the defendant was not
present, the record reflects that the defendant was present when the court considered
and denied his motions. Regardless, as in a post-conviction writ of habeas corpus
proceeding, an applicant for post-conviction DNA analysis enjoys neither a
presumption of innocence nor a constitutional right to be present at a hearing. See
Cravin v. State, 95 S.W.3d 506, 510 (Tex. App.—Houston [1st Dist.] 2002, pet.
ref’d). Consequently, appellant does not have a federal or state constitutional right
to confront or to cross-examine witnesses in a post-conviction proceeding. See id. 
          We overrule appellant’s first and second points of error. 
Hearsay Objection
          In his third point of error, appellant claims that the court erred by admitting
into evidence the State’s affidavits during the hearing because they were inadmissible
hearsay, in violation of the Texas Rules of Evidence.
          We have previously held that no evidentiary hearing is required in considering
whether DNA evidence exists and that the State’s written explanations need not be
accompanied by affidavits. See Cravin, 95 S.W.3d at 511. 
          We overrule appellant’s third point of error.
Denial of Post-Conviction DNA Motions
          In his fourth point of error, appellant contends that the convicting court erred
in denying his motions for DNA testing because the State failed to establish that no
such materials were still in the State’s possession. 
          In reviewing the trial court’s decision on a motion for post-conviction DNA
testing, we afford almost total deference to the trial court’s determination of
historical-fact issues and application-of-law-to-fact issues that turn on credibility and
demeanor, while we review de novo other application-of-law-to-fact issues. Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); Rivera v. State, 89 S.W.3d 55,
59 (Tex. Crim. App. 2002). However, the ultimate question of whether a reasonable
probability exists that exculpatory DNA tests would have proven innocence is an
application-of-law-to-fact question that does not turn on credibility and demeanor and
is, therefore, reviewed de novo. Rivera, 89 S.W.3d at 59. 
          To grant post-conviction DNA testing, the trial court must first determine
whether evidence still exists, is in a condition making DNA testing possible, is
subject to a chain of custody sufficient to establish that it has not been altered, and
whether identity was or is an issue in appellant’s case. Tex. Code Crim. Proc. Ann. 
art. 64.03(a)(1) (Vernon Supp. 2004). Second, the trial court must determine whether
appellant established by a preponderance of the evidence that “a reasonable
probability exists that [he] would not have been prosecuted or convicted if
exculpatory results had been obtained through DNA testing. Id. art. 64.03(a)(2)(A)
(Vernon Supp. 2004). Thus, an applicant must show that “a reasonable probability
exists that exculpatory DNA tests will prove [his] innocence.” Kutzner v. State, 75
S.W.3d 427, 438 (Tex. Crim. App. 2002). A “reasonable probability” is a probability
sufficient to undermine confidence in the outcome. Ex Parte Guzmon, 730 S.W.2d
724, 733 (Tex. Crim. App. 1987). 
          Here, there was uncontroverted evidence that the State no longer had
possession of any evidence relating to appellant’s case that could have been subjected
to DNA testing. Accordingly, the trial court did not err in denying appellant’s motion
for post-conviction DNA testing. See Dinkins v. State, 84 S.W.3d 639, 643 (Tex.
Crim. App. 2002). 
          We overrule appellant’s fourth point of error.
Motion for Disclosure
          In his fifth point of error, appellant contends that the trial court failed to grant
appellant’s motion for disclosure of evidence where the record suggests that some
evidence containing biological material was still in possession of the State.
          Because the uncontroverted evidence presented to the trial court indicated that
the State was no longer in possession of any evidence in appellant’s case that could
have been subjected to DNA testing, the trial court did not err in denying appellant’s
motions for disclosure of evidence. See Kutzner, 75 S.W.3d at 438. 
          We overrule appellant’s fifth point of error.

Conclusion 
          We affirm the trial court’s orders denying appellant’s post-conviction motions
for DNA testing.


                                                             George C. Hanks, Jr.
                                                             Justice
Panel consists of Justices Nuchia, Alcala, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).