Opinion issued November 23, 2005








     






In The
Court of Appeals
For The
First District of Texas




NO. 01–05–00503–CR




JARRIATT ANDREW BOHLE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from 174th District Court 
Harris County, Texas
Trial Court Cause No. 9429512





MEMORANDUM OPINION

          This is an appeal from the denial of a post-conviction motion for DNA testing. 
In five points of error, appellant, Jarriatt Andrew Bohle, contends that the convicting
court committed reversible error when it (1) conducted a hearing on appellant’s
motion without appellant’s being present, (2) denied appellant the opportunity to
confront and to cross-examine the State’s witnesses, and (3) considered appellant’s
voluntary, written statement given to investigating officers, which appellant asserts
was inadmissible hearsay.
          We affirm.
Background
          Appellant was convicted of aggravated kidnapping, sentenced to 30 years in
prison, and assessed a $10,000 fine. See Bohle v. State, No. 03–97–00573–CR, 1998
WL 476502, at *1 (Tex. App.—Austin 1998, pet. ref’d). The Austin Court of
Appeals affirmed appellant’s conviction. Id. 
          Appellant filed a pro se post-conviction motion for DNA testing in the
convicting court under chapter 64 of the Code of Criminal Procedure. See Tex. Code
Crim. Proc. Ann. arts. 64.01–.05 (Vernon Supp. 2004–2005). The convicting court
appointed counsel to represent appellant. Appellant’s counsel also filed a post-conviction motion for DNA testing, which alleged, inter alia, that the State possessed
evidence, at the time of appellant’s trial, that “was known to contain biological
material that, if subjected to scientific testing, would more likely than not, either
establish the identity of the person that committed the offense or exclude [appellant]
from the group of persons who could have committed the offense.” In his affidavit
attached to the motion, appellant denied having participated in the offense.
          The State responded by filing a motion (“the response”) to deny appellant’s
request for DNA testing. In the response, the State averred the following:
There appears to be some evidence which exists and is in a condition
making forensic DNA testing possible. However, Defendant fails to
show, as required by Chapter 64, that identity was or presently is an
issue in this case. During the police investigation of this offense,
Defendant gave a written statement wherein he made admissions that
reflect his participation in the offense. 
          Attached as exhibits to the State’s response were affidavits of representatives
from the Houston Police Department Property Room, the Houston Police Department
Crime Laboratory, and the Harris County District Clerk’s Office. The State also
attached appellant’s voluntary, written statement given to Houston police.
          The convicting court denied appellant’s request for DNA testing and adopted
the State’s proposed findings of fact, conclusions of law, and order. In relevant part,
the convicting court found that, based on his written statement, appellant had “made
admissions regarding his participation in the offense” and had “fail[ed] to show that
identity was or is presently an issue in the case.” Appellant filed written objections
to certain aspects of the proceeding and to the affidavits attached to the State’s
response. The trial court denied appellant’s objections.
Constitutional Claims
          In his first two points of error, appellant contends that his federal constitutional
right to due process and his state constitutional rights to confrontation and cross-examination were violated when the trial court conducted a hearing on appellant’s
motion without appellant’s being present. In his third and fourth points of error, 
appellant asserts that his federal constitutional right to due process and State
constitutional rights to confrontation and cross-examination were violated because
he was denied the opportunity to confront and to cross-examine the State’s witnesses.
          This Court has held that nothing in Chapter 64 requires the trial court to hold
an evidentiary hearing when determining a post-conviction motion for DNA testing. 
Cravin v. State, 95 S.W.3d 506, 509–10 (Tex. App.—Houston [1st Dist.] 2002, pet.
ref’d); see Whitaker v. State, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004) (agreeing with
and approving of Cravin’s holding). As in a post-conviction writ of habeas corpus
proceeding, an applicant for post-conviction DNA testing enjoys neither a
presumption of innocence nor a constitutional right to be present at a hearing on the
motion. See Cravin, 95 S.W.3d at 510. Consequently, an appellant also does not
have a state constitutional right to confront or to cross-examine witnesses in a post-conviction proceeding. See id. We conclude that appellant has shown neither that
his federal constitutional right to due process nor his state constitutional rights to
confrontation and cross-examination have been violated.
We overrule appellant’s first, second, third, and fourth points of error.
Hearsay
          In his fifth point of error, appellant contends that the convicting court erred in
considering his written, “in-custody” statement submitted by the State in support of
its response. Appellant asserts that the statement constituted inadmissible hearsay
under the Texas Rules of Evidence. 
          A review of the record indicates that appellant has waived this issue. In the
convicting court, appellant filed his “Objections to Proceedings and Evidence.” 
Appellant cites this filing to show that he preserved his hearsay objection. A review
of the objections, however, reveals that appellant did not object to the statement in
the convicting court. Rather, appellant objected to “the issues being decided on
affidavits, in that each affidavit constitutes inadmissible hearsay.” Thus, appellant
objected only to the three affidavits offered in support of the State’s response. 
Appellant did not object that his statement was inadmissible hearsay. 
          If an objection made in the trial court differs from the complaint made on
appeal, a defendant has not preserved any error for our review. Thomas v. State, 723
S.W.2d 696, 700 (Tex. Crim. App. 1986). Here, appellant’s hearsay objection to the
affidavits does not preserve his appellate complaint that his written statement was
inadmissible hearsay. Id. Accordingly, appellant’s hearsay complaint is waived.


 
See Tex. R. App. P. 33.1(a); Phillips v. State, Nos. 05–04–00532–CR,
05–04–00534–CR, 2005 WL 1819598, at *3 (Tex. App.—Dallas Aug. 3, 2005, n.ph.)
(holding, in post-conviction DNA case, that appellant waived alleged error regarding
evidentiary complaint because appellant did not make objection in trial court).          We overrule appellant’s fifth point of error.
Conclusion
          We affirm the convicting court’s order denying appellant’s post-

conviction request for DNA testing. 
 


                                                   Laura Carter Higley
                                                   Justice


Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).