**AFFIRM; and Opinion Filed August 6, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01172-CR

**WARREN RAY PATTON, JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 14-00353-422-F**

## MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Whitehill
Opinion by Justice Francis

Warren Ray Patton, Jr. brings this pro se appeal of the trial court's order denying his motion requesting post-conviction forensic DNA testing and appointment of counsel. In two issues, appellant contends the trial court improperly relied on hearsay evidence in denying his motion. We affirm the trial court's order.

After a fatal head-on collision with another vehicle in June 2012, appellant was charged with intoxication manslaughter and manslaughter. *See Patton v. State*, No. 05-14-01073-CR, 2016 WL 97540, at \*1 (Tex. App.—Dallas Jan. 6, 2016, pet ref'd) (mem. op., not designated for publication). Appellant pleaded not guilty and a jury acquitted him of intoxication manslaughter, convicted him of manslaughter, and assessed a sentence of eighteen years in prison. *Id*. This Court affirmed his conviction. *Id*. at \*6.

Eighteen months later, on July 11, 2017, appellant filed a motion in the trial court requesting DNA testing and appointment of counsel. In his motion, appellant asserted that, at the time of trial, the State was in possession of evidence containing biological material that allegedly belonged to him. Appellant attached a 2014 affidavit signed by his trial counsel who stated the jury heard testimony regarding the results of tests conducted by Parkland Hospital on blood and urine samples taken on the night of the offense and the evidence of alcohol in the samples contributed to the jury's decision to find appellant guilty. Appellant argued DNA testing would show the samples tested by the hospital on the night of the offense were taken from another person.

The State responded to the motion stating there was no evidence still in existence that could be tested. In support, the State attached the affidavit of Michael Holly, the chief investigator of the Kaufman County District Attorney's Office and lead investigator in appellant's case. Holly stated he contacted Parkland Hospital when preparing for trial in an attempt to obtain appellant's blood and urine samples. According to Holly, Parkland informed him the evidence had been destroyed.

Without conducting a hearing, the trial court denied appellant's motion. The court stated in its order that no evidence still existed to be tested and there were no reasonable grounds to file a motion for DNA testing. Appellant then brought this appeal contending the trial court improperly relied on hearsay evidence when it denied his requests for testing and appointment of counsel.

When a trial court rules on a motion for post-conviction DNA testing without conducting an evidentiary hearing, we review the trial court's ruling de novo. *See Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005). Article 64 of the code of criminal procedure governs the requisites of a motion for forensic DNA testing. It details what may be tested and what must be alleged in the motion to support testing. A convicted person may request DNA testing of evidence relating to the offense that is basis of the challenged conviction and was in the possession of the

–2–

State during the trial of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(b) (West 2018); *see also Routier v. State*, 273 S.W.3d 241, 247 (Tex. Crim. App. 2008). In addition, the convicted person must show the biological material was retained. *See Routier*, 273 S.W.3d at 256. The court may order post-conviction DNA testing only if it finds: (1) the evidence still exists in a condition making DNA testing possible and has been subjected to a chain of custody sufficient to establish it has not been substituted, tampered with, replaced, or altered in any material respect; (2) there is a reasonable likelihood the evidence contains biological material suitable for DNA testing; and (3) identity was or is an issue in the case. TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(A)-(C). The convicted person bears the burden of meeting all statutory predicates and his motion must be accompanied by an affidavit, sworn to by him, containing statements of fact in support of the motion. *Id*. art. 64.01(a–1); *Routier*, 273 S.W.3d at 246.

In his motion for DNA testing, appellant made no showing that any evidence amenable to DNA testing still existed. He alleged in his motion only that the State possessed biological material at the time of trial. He made no assertions the material still existed. The affidavit submitted in support of the motion was created almost three years before the motion was filed and was signed by appellant's trial counsel, not appellant, contrary to the requirements of article 64. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(a–1). Trial counsel stated the jury heard evidence of test results from blood and urine samples taken by Parkland Hospital, but provided no information about the retention of those samples. Nothing in appellant's motion, or his trial counsel's affidavit, suggests biological material was still in existence in a condition making DNA testing possible at the time the motion was filed.

The response filed by the State contradicted appellant's assertion that it possessed evidence containing biological material at the time of trial as required by article 64.01(b). Investigator Holly testified he attempted to obtain the evidence from the hospital before trial began but was told it

had been destroyed. This testimony shows not only that the State did not possess the evidence at trial, but that the evidence no longer existed.

Appellant argues Holly's affidavit is based on unsubstantiated and inadmissible hearsay. But in an article 64 proceeding, the trial court is free to consider evidence that would be inadmissible at trial, including hearsay statements. *See Ex parte Gutierrez*, 337 S.W.3d 883, 893 (Tex. Crim. App. 2011). Furthermore, the State need not file affidavits in support of its response to an article 64 motion. *See Whitaker v. State*, 160 S.W.3d 5, 8–9 (Tex. Crim. App. 2004); *Cravin v. State*, 95 S.W.3d 506, 511 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

Appellant also argues Holly's testimony is disproven by testimony elicited from one of the State's witnesses at trial. Specifically, appellant relies on a single statement by a medical technologist from Parkland Hospital that, at the time the blood and urine samples were originally tested by the hospital, the State could have requested and obtained the material to perform its own tests. This statement does not contradict the State's evidence that it did not have the blood and urine samples at the time of trial and that, sometime after the hospital performed its own screening tests, but before the State requested the material be turned over to them, the samples were destroyed.

Based on our review of the record, we conclude appellant failed to establish biological material existed that was amenable to DNA testing and the trial court did not err in denying appellant's request. We resolve appellant's first issue against him.

In his second issue, appellant contends the trial court erred in denying his request for appointment of counsel. Under article 64, a convicted person is entitled to appointment of counsel only if the court finds there are reasonable grounds for a motion for DNA testing to be filed. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c). As discussed above, appellant failed to show, and the State affirmatively disproved, the existence of biological material that could be subjected to DNA

testing.  Accordingly, the trial court did not err in concluding there were no reasonable grounds to pursue such testing and in denying appellant's request for appointed counsel.  *See Gutierrez*, 337 S.W.3d at 894–95.  We resolve appellant's second issue against him.

We affirm the trial court's order.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

171172F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

WARREN RAY PATTON, JR., Appellant

No. 05-17-01172-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas

Trial Court Cause No. 14-00353-422-F.

Opinion delivered by Justice Francis.

Justices Fillmore and Whitehill participating.

Based on the Court's opinion of this date, the order of the trial court denying appellant's Motion for Forensic DNA Testing is **AFFIRMED**.

Judgment entered this 6th day of August, 2018.