Affirmed and Opinion filed December 11, 2003














Affirmed and
Opinion filed December 11, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01194-CR

____________

 

DONALD L. THOMPSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_________________________________________

 

On Appeal from
the 174th District Court

Harris County, Texas

Trial Court
Cause No. 414,239

 

_________________________________________

 

O P I N I O
N

            Appellant Donald L. Thompson
challenges the trial court’s denial of his post-conviction motion for DNA
testing.  We affirm.

I.  Factual
and Procedural Background

            A jury convicted appellant of
aggravated sexual assault of a child in 1985, and the trial court sentenced him
to fifty years’ confinement in the Texas Department of Corrections.  This court affirmed the judgment in an
unpublished opinion issued January
 29, 1987.  See Thompson v. State, No. B14-85-382-CR, 1987 WL 5879 (Tex. App.—Houston [14th Dist.] Jan. 29, 1987, pet. ref’d) (not designated for
publication).  Appellant filed a pro se
motion for DNA testing in February of 2002. 
The trial court appointed counsel and appellant filed a second motion
for post-conviction DNA testing under chapter 64 of the Texas Code of Criminal
Procedure.  See Tex. Code
Crim. Proc. Ann. arts.
64.01–64.05 (Vernon Pamph. 2004).  In his supporting affidavit, appellant cited
the victim’s rape kit, the victim’s clothing, and the possibility of “other
physical evidence in the possession of the State” as evidence susceptible of
DNA analysis.  The State responded,
attaching three affidavits, one each from the exhibits clerk of the Harris
County District Clerk’s Office, the custodian for the Houston Police Department
Crime Lab, and the custodian for the Houston Police Department.  Appellant filed written objections to the
proceedings and evidence in October of 2002, and the trial court denied
appellant’s objections the following day. 
The trial court also denied appellant’s motion for post-conviction DNA
testing and issued findings of fact and conclusions of law.

II.  Issues
Presented

            Appellant
presents the following issues for appellate review:

(1)-(2)   Did the trial court violate appellant’s
federal and state constitutional rights by conducting a post-conviction DNA
hearing in his absence?

(3)-(4)   Did the trial court violate appellant’s
federal and state constitutional rights by denying him an opportunity to
confront and cross-examine witnesses?

(5)          Did the trial court err in admitting the State’s affidavits
because they constitute inadmissible hearsay in violation of the Texas Rules of
Evidence?

(6)          Did the trial court err in denying appellant’s post-conviction
motion for DNA testing because the State allegedly failed to establish that
biological materials were not in its possession? 

 




 








III. 
Analysis and Discussion

A.        Did the
trial court violate appellant’s federal and state constitutional rights by
conducting a post-conviction DNA hearing in his absence?

            In his first two issues, appellant
argues the trial court violated his federal constitutional right to due process
and his state constitutional right to confrontation and cross-examination by
conducting a final hearing on his post-conviction DNA testing motion in his
absence. 

            Article 64.01 of the Texas Code of
Criminal Procedure allows a convicted person to submit to the convicting court
a motion for DNA testing.  See Tex.
Code Crim. Proc. Ann. art. 64.01(a).  The article requires the motion to be
accompanied by a sworn affidavit “containing statements of fact in support of
the motion.”  See id.  Upon receipt of the
motion, the convicting court must provide the State’s attorney with a copy and
require the State either to (1) deliver the evidence to the court, or (2)
explain why it cannot do so.  See  Tex. Code Crim.
Proc. Ann. art. 64.02(2)(A)–(B).  The court
may then order DNA testing upon certain findings set forth in article
64.03.  See Tex. Code
Crim. Proc. Ann.
art. 64.03.  The Texas Court of
Criminal Appeals, examining the language in chapter 64, has stated that nothing
in article 64.03 requires a hearing to determine whether appellant is entitled
to DNA testing.  See Rivera v. State, 89 S.W.3d 55, 58–59
(Tex. Crim. App. 2002) (contrasting article 64.03
with article 64.04, which specifically requires a hearing). 

            It is unclear from the record
whether the trial court held a hearing in this case.  The court’s order denying appellant’s written
objections to the proceedings and evidence indicates that the parties waived
the presence of a court reporter.  The
order then describes the purpose of “this hearing”; however, the order also
states that all issues of fact would be resolved on the basis of the affidavits
filed with the court.  In addition, the
trial court’s order denying appellant’s motion for
post-conviction DNA testing and the accompanying findings of fact and
conclusions of law do not indicate whether a hearing was held.  

            Even if the trial court held a
hearing, the record is unclear as to whether appellant was absent from the
proceeding.  Although appellant’s written
objections to the proceedings and evidence cite denial of his right to be
present in court as a ground for objection, the motion states: “Movant [appellant] requests that the record reflect that
the State, the undersigned counsel, and the Movant
[appellant] are before this Court.”  In
addition, the trial court’s order denying the objections suggests appellant was
before the court.[1]  Appellant makes much of the fact that the
trial court’s docket sheet fails to reflect his presence when the trial court
denied the motion.  However, the docket
sheet does not contain any notations at all with regard to appellant’s
post-conviction motion for DNA testing other than the notice of appeal. 

            Even if appellant had been absent
from a hearing on his motion for post-conviction DNA testing, his contentions
would lack merit.  Unlike a criminal
trial, a chapter 64 proceeding such as this one does not implicate an
appellant’s confrontation-clause rights because this type of proceeding does
not necessarily involve any witnesses or accusations against the
appellant.  See Cravin v. State, 95 S.W.3d 506, 510
(Tex. App.—Houston [1st
Dist.] 2002, pet. ref’d).  Rather, as set forth in chapter 64, the
proceeding involves a motion made by the applicant followed by the State’s
non-accusatory response required under the statute.  See id.;
Tex. Code Crim. Proc. Ann. arts.
64.01–64.02. 
This type of proceeding is analogous to a habeas corpus proceeding in
that it is an independent, collateral inquiry into the validity of the
conviction.  See Cravin, 95 S.W.3d at 509–10.  Therefore, as in a post-conviction writ of
habeas corpus proceeding, an applicant for a post-conviction DNA analysis
enjoys neither a presumption of innocence nor a constitutional right to be
present at a hearing.  Id. at 510
(citing Ex parte
Mines, 26 S.W.3d 910, 914 (Tex. Crim. App.
2000)).  Moreover, according to the
record, appellant was represented by appointed counsel at the time of the
hearing.  Because it was not
fundamentally unfair for the trial court to hold the post-conviction hearing in
appellant’s absence when appellant was represented by counsel, we find no
violation of appellant’s due-process rights. 
See id. at
511.  Therefore, the trial court did not
violate appellant’s federal or state constitutional rights when it conducted a
post-conviction hearing in appellant’s absence, if indeed it did so.  See id.
at 511. 
Accordingly, we overrule appellant’s first two issues.

B.        Did the trial court
violate appellant’s federal and state constitutional rights by denying him an
opportunity to confront and cross-examine witnesses?

 

            In his third and fourth issues,
appellant contends the trial court violated his federal and state
constitutional right to confrontation and cross-examination by denying him an
opportunity to confront and cross-examine the State’s witnesses.  Having held that appellant does not have a
constitutional right to be present at a post-conviction DNA hearing, we hold,
for the same reasons, that appellant does not have the right to confront and
cross-examine witnesses.[2]  See id.
at 510.




            C.        Did the trial court err in admitting the
State’s affidavits because they constitute inadmissible hearsay in violation of
the Texas Rules of Evidence?

 

            In his fifth issue, appellant
contends the trial court erred in considering the State’s affidavits because
the documents constitute inadmissible hearsay in violation of the Texas Rules
of Evidence.  Appellant’s argument
presumes the rules of evidence apply to an article 64.03 proceeding.  However, this article does not require an
evidentiary hearing to determine whether DNA evidence exists.  See
Rivera, 89 S.W.3d at 59.  Therefore, the rules of evidence are not
necessarily implicated.  Mearis v. State, 2003 WL 21796239, at *4, ___
S.W.3d ___, ___ (Tex. App.—San Antonio Aug. 6, 2003, pet. ref’d).  

            Further, under the procedures set
forth in article 64.02, the State is not required to include affidavits with
its response in a post-conviction DNA inquiry. 
See Tex. Code Crim. Proc.
Ann. art. 64.02(2)(B).  Although an
applicant’s motion for DNA testing must be accompanied by a sworn affidavit,
the language in the statute requires only a written response from the
State.  See id.  The trial court may
then reach a decision based on these documents without holding a hearing. Cravin, 95 S.W.3d at 509. 
The State attached affidavits as part of its required written response
and the trial court did not err when it considered them.  Accordingly, appellant’s fifth issue is
overruled.   

D.        Did
the trial court err in denying appellant’s post-conviction motion for DNA
testing because the State allegedly failed to establish that biological
materials were not in its possession? 

 

            In his sixth issue, appellant
contends the trial court erred by denying his motion for DNA testing because
the State failed to establish that no biological materials were in its
possession.  Specifically, appellant argues
that the State failed to show no other Harris County
law-enforcement entity or outside agencies might have come into possession of
and still retained evidence related to his case.  

            A convicting court may order
post-conviction DNA testing only if it finds that the evidence still exists and
is in a condition making DNA testing possible.  Tex. Code Crim. Proc. Ann. art.
64.03(a)(1)(A)(i).  In response to appellant’s motion for DNA
testing, the State, citing affidavits from members of the Harris County
District Clerk’s Office, the Houston Police Department Property Division, and
the Houston Police Department Crime Lab, explained that none of these agencies
were in possession of any evidence in this matter. In fact, the affidavit from
a custodian for the Houston Police Department Crime Lab stated that the Crime
Lab did not even receive evidence in this case. 
We conclude the response filed by the State was sufficient to enable the
trial court to determine that no evidence exists for DNA testing under article
64.03.  See Tex. Code
Crim. Proc. Ann. art.
64.03(a); Cravin, 95 S.W.3d at 511.  The State was not required to obtain
affidavits from every criminal justice department in the county as to criminal
investigations in which they were not involved.

            Even if the convicting court found
the evidence still existed, the statute requires appellant to establish by a
preponderance of the evidence that he would not have been convicted if
exculpatory results had been obtained through DNA testing.  See Tex. Code Crim. Proc. Ann. art.
64.03(a)(2)(A); Kutzner v. State, 75 S.W.3d 427, 436–39 (Tex. Crim.
App. 2002) (construing article 64.03(a)(2)(A) to mean a convicted person must
show reasonable probability exists that exculpatory DNA testing would prove
innocence).  Here, the trial court found appellant
failed to demonstrate the existence of such a reasonable probability.  Appellant does not challenge this finding on
appeal.  Accordingly, the trial court did
not err in denying appellant’s motion for post-conviction DNA testing.  See
Dinkins v. State, 84 S.W.3d 639, 643 (Tex. Crim.
App. 2002) (stating that a trial court is never required to grant a motion for
DNA testing absent a showing under 64.03(a)(2)(A)).  We overrule appellant’s sixth issue.  

 

            Having overruled all of appellant’s
issues, we affirm the trial court’s judgment.

 

                                                                        /s/        Kem Thompson Frost

                                                                                    Justice

 

Judgment
rendered and Opinion filed December
 11, 2003.

Panel
consists of Justices Edelman, Frost, and Seymore.

Publish — Tex. R. App. P. 47.2(b).

 

 











            [1]  In its order denying appellant’s objections,
the trial court stated: “The Court further finds that counsel for the State and
Movant are present. 
The Movant is also present.”   





            [2]  In his appellate brief, appellant argues a
violation of his federal constitutional right to due process in the issue
heading and a violation of his federal constitutional right to confrontation
and cross-examination in the analysis portion of his third issue.  Assuming both arguments are fairly included under
this issue, we already have concluded that neither the confrontation clause nor
the due-process clause affords appellant the right to be present and
cross-examine witnesses in this type of proceeding.  See Cravin, 95 S.W.3d at 509–11.