Opinion Issued January 22, 2004 








 













In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01175-CR




CURTIS CLAUDE HUTCHINS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 753516




MEMORANDUM OPINION

          Appellant, Curtis Claude Hutchins, was charged with aggravated sexual assault
of a child. A jury found him guilty and assessed punishment, as a habitual offender, 
at life imprisonment. Appellant subsequently filed a motion requesting DNA testing,
which the trial court denied. In six points of error, appellant contends that the trial
court “committed reversible error in conducting a final hearing regarding the
appellant’s post trial DNA motion.” In particular, appellant claims that the trial court
committed constitutional and reversible error when it (1) refused to allow appellant
to be present and denied appellant the opportunity to confront and cross-examine the
State’s witnesses against him at his post-conviction DNA hearing; (2) considered
affidavits against appellant during the DNA hearing; and (3) denied appellant DNA
testing “where the State failed to establish that no such materials were still in
possession of the State.” We affirm.
Background After a jury convicted appellant of aggravated sexual assault of a child,
appellant appealed his conviction and this court affirmed in an unpublished opinion
issued on March 25, 1999. See Hutchins v. State, No. 01-98-00202-CR, slip op. (Tex.
App.—Houston [1st Dist.] 1999, pet. filed)(not designated for publication). On July
18, 2002, appellant filed a post-conviction motion requesting forensic DNA testing
of evidence from his conviction for aggravated sexual assault of a child. Appellant
failed to identify the biological evidence that he wanted tested; rather, he alleged only
that the State had such evidence during his trial. On October 9, 2002, the State filed
a motion requesting that the court deny appellant’s motion. In addition to the motion,
the State tendered three affidavits from the Harris County District Clerk’s Office and
the Houston Police Departments’ Crime Lab, which showed that the only evidence
in their possession related to appellant’s conviction was documentary, rather than
biological, evidence. The trial court denied relief on October 10, 2002 and adopted
the State’s proposed findings of fact and conclusions of law, finding in part that
appellant failed to show both that “biological evidence still exists in a condition
making DNA testing possible” and that “a reasonable probability exists that he would
not have been prosecuted or convicted had exculpatory test results been obtained
through DNA testing.” 
Discussion
          In his first four points of error, appellant challenges the constitutionality of the
DNA proceedings. 
          In his first two points of error, appellant contends that the post-conviction DNA
hearing violated his state and federal constitutional rights because he was not present. 
However, appellant’s “objections to proceedings and evidence in post-conviction
motion for article 64.02 forensic DNA testing and subsequent article 64.04 hearing”
indicates appellant “request[ed] that the record reflect that the State, the undersigned
counsel, and [appellant] are before this Court.” In the same motion, appellant claims
that he was denied his right to be present in court during a hearing on this matter. 
However, the court’s order on the motion notes that appellant was present. Moreover,
even if appellant had been absent from a hearing on his post-conviction DNA testing,
his contention would still lack merit. As in a post-conviction writ of habeas corpus
proceeding, an applicant for a post-conviction DNA analysis enjoys neither a
presumption of innocence nor a constitutional right to be present at a hearing. See
Cravin v. State, 95 S.W.3d 506, 510 (Tex. App.—Houston [1st Dist.] 2002, pet.
ref’d). We overrule appellant’s first and second points of error. 
          In his third and fourth points of error, appellant contends that his federal and
state constitutional rights were violated by his not having the opportunity to cross-examine the witnesses against him. In his fifth point of error, appellant asserts that
the affidavits used against him were inadmissible hearsay. We previously rejected
these arguments in Cravin; and, therefore, we overrule appellant’s third, fourth, and
fifth points of error. Id. at 510-11.  
          In his sixth point of error, appellant claims the trial court erred by denying his
motion for DNA testing because the State allegedly failed to establish that biological
materials were not in its possession. Specifically, appellant argues that the State
failed to show that no other police agency might have come into possession of and
still retained evidence related to his case. 
          A convicting court may order post-conviction DNA testing only if it finds that
the evidence still exists and is in a condition making DNA testing possible. Tex.
Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(I) (Vernon Supp. 2004). Appellant has
the burden of proving that there is testable material. Here, appellant failed to carry
this burden under article 64.01 of the Code of Criminal Procedure. Id. art. 64.01 
Although appellant alleged that the State possessed “biological samples” taken during
his case’s investigation, he failed to identify those samples. Furthermore, in response
to appellant’s motion for DNA testing, the State, citing affidavits from members of
the Harris County District Clerk’s Office, the Houston Police Department Crime Lab,
and the Houston Police Department Property Division, explained that none of these
agencies were in possession of any biological evidence in this matter. In fact, the
affidavit from a custodian for the Houston Police Department Crime Lab noted that
it did not even receive evidence in this case. We conclude that the response filed by
the State was sufficient to enable the trial court to determine that no evidence exists
for DNA testing. See id. art. 64.03(a); Cravin, 95 S.W.3d at 511. The State was not
required to obtain affidavits from every criminal justice department in the county as
to criminal investigations in which they were not involved. Rather, it was appellant’s
burden to show the existence of such evidence, and appellant failed to carry his
burden. 
          Even if the convicting court had found that the evidence existed, the statute
would still have required appellant to establish that he would not have been convicted
if exculpatory results had been obtained through DNA testing. See Tex. Code Crim.
Proc. Ann. art. 64.03(a)(2)(A); Kutzner v. State, 75 S.W.3d 427, 436-39 (Tex. Crim.
App. 2002). Here, the trial court found that appellant failed to demonstrate the
existence of such a reasonable probability. Appellant does not challenge this finding
on appeal. Accordingly, the trial court did not err in denying appellant’s motion for
post-conviction DNA testing. See Dinkins v. State, 84 S.W.3d 639, 643 (Tex. Crim.
App. 2002). We overrule appellant’s sixth point of error. 
Conclusion 
          We affirm the convicting court’s denial of appellant’s post-conviction DNA
motion. 
 
Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Bland.

Do not publish. Tex. R. App. P. 47.4.