Affirm and Memorandum Opinion filed March 25, 2004









Affirm and Memorandum Opinion filed March 25, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00498-CR

____________

 

DARRELL COLLIER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th
District Court

Harris County, Texas

Trial Court Cause No. 517,335

 



 

M E M O R A N D U M   O P I N I O N

Appellant Darrell Collier challenges the
trial court=s denial of his post-conviction motion for
DNA testing.  In three points of error,
appellant claims (1) the trial court violated his federal and state
constitutional rights by ruling on his motion for DNA testing in his absence;
and (2) the trial court erred in considering the State=s affidavits
submitted in response to appellant=s motion because
they constitute inadmissible hearsay.  We
affirm.

 








In 1989, appellant pleaded guilty to the
offense of aggravated sexual assault, and the trial court sentenced him to
sixteen years= confinement in the Texas Department of
Criminal Justice, Institutional Division. 
Appellant did not appeal his conviction. 
In October of 2003, appellant filed a pro se motion for DNA
testing.  The trial court appointed
counsel and appellant filed a second motion for post-conviction DNA testing
under chapter 64 of the Texas Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. arts. 64.01B64.05 (Vernon
Pamph. 2004).  In his supporting
affidavit, appellant sought DNA testing Aof any and all
Biological Material Evidence that was secured in relation to the offense of
which [he] was convicted of and that is in possession of the State.@  The State responded, attaching three
affidavits, one each from the exhibits clerk of the Harris County District
Clerk=s Office, the
custodian for the Houston Police Department (AHPD@) Crime Lab, and
the custodian for the HPD Property Room. 
The affidavits indicated that the State destroyed any evidence relating
to appellant=s case in November of 1993.[1]  Appellant filed no objections to the State=s evidence, and in
April of 2003, the trial court denied appellant=s motion for
post-conviction DNA testing and issued findings of fact and conclusions of law.








In his first and second points of error,
appellant argues the trial court violated his federal and state constitutional
right to confrontation and cross-examination by ruling on his post-conviction
motion for DNA testing in his absence. 
Appellant has not made a distinction between the rights he is afforded
under the federal Constitution and the Texas Constitution.  Hence, we address appellant=s points of error
solely on the federal constitutional grounds. 
Jackson v. State, 992 S.W.2d 469, 475 n.8 (Tex. Crim. App. 1999)
(declining to address appellant=s arguments
regarding his state constitutional rights when appellant had not made a
distinction between the federal Constitution and the Texas Constitution).

Article 64.01 of the Texas Code of
Criminal Procedure allows a convicted person to submit to the convicting court
a motion for DNA testing.  See Tex. Code Crim. Proc. Ann. art.
64.01(a).  The article requires the
motion to be accompanied by a sworn affidavit Acontaining
statements of fact in support of the motion.@  See id.  Upon receipt of the motion, the convicting
court must provide the State=s attorney with a
copy and require the State either to (1) deliver the evidence to the court or
(2) explain why it cannot do so.  See
Tex. Code Crim. Proc. Ann. art.
64.02(2)(A)‑(B).  The court may
then order DNA testing upon certain findings set forth in article 64.03.  See Tex.
Code Crim. Proc. Ann. art. 64.03. 
The Texas Court of Criminal Appeals, examining the language in chapter
64, has stated that nothing in article 64.03 requires a hearing to determine
whether appellant is entitled to DNA testing.  See Rivera v. State, 89 S.W.3d 55,
58B59 (Tex. Crim.
App. 2002) (contrasting article 64.03 with article 64.04, which specifically
requires a hearing).

In this case, it does not appear the trial
court held a hearing on appellant=s post-conviction
motion for DNA testing.  The court=s order denying
appellant=s motion indicates only that it considered
the briefing of the parties.  Appellant
contends that the confrontation clause of the federal Constitution requires
that an accused have the right to confront the witness against him in all
criminal prosecutions.  See U.S. Const. amend. VI.  Appellant argues that, because the DNA
testing process in Texas relies primarily on the credibility of the State=s witnesses, he
has a right to be present for the hearing and to assist with cross-examination
of the State=s witnesses.








Unlike a criminal trial, a chapter 64
proceeding such as this one does not implicate an appellant=s confrontation‑clause
rights because this type of proceeding does not necessarily involve any
witnesses or accusations against the appellant. 
See Thompson v. State, 123 S.W.3d 781, 784B85 (Tex. App.CHouston [14th Dist.] 2003, no
pet.).  Rather, as set forth in chapter
64, the proceeding involves a motion made by the applicant followed by the
State=s non-accusatory
response required under the statute.  See
Cravin v. State, 95 S.W.3d 506, 510 (Tex. App.CHouston [1st
Dist.] 2002, pet. ref=d); Tex.
Code Crim. Proc. Ann. arts. 64.01B64.02.  This type of proceeding is analogous to a
habeas corpus proceeding in that it is an independent, collateral inquiry into
the validity of the conviction.  See
Cravin, 95 S.W.3d at 509B10.  Therefore, as in a post‑conviction writ
of habeas corpus proceeding, an applicant for a post‑conviction DNA
analysis enjoys neither a presumption of innocence nor a constitutional right
to be present at a hearing.  Id.
at 510 (citing Ex parte Mines, 26 S.W.3d 910, 914 (Tex. Crim. App.
2000)).[2]  Moreover, appellant was represented by
appointed counsel at the time of the ruling. 
Because it was not fundamentally unfair for the trial court to rule on appellant=s post‑conviction
motion in his absence when appellant was represented by counsel, we find no
violation of appellant=s due‑process rights.  See id. at 511.  Therefore, the trial court did not violate
appellant=s constitutional rights when it ruled on
appellant=s post‑conviction motion for DNA
testing in his absence.  See id.  Accordingly, we overrule appellant=s first two points
of error.








In his third point
of error, appellant contends the trial court erred in considering the State=s affidavits
because the documents constitute inadmissible hearsay in violation of the Texas
Rules of Evidence.  However, before he
may complain on appeal, appellant is required to first preserve that error by
the appropriate means at the trial level. 
Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App.
1991).  To preserve error for appellate
review, an appellant must make a complaint to the trial court by a timely
request, objection, or motion that states the ground for the ruling sought with
sufficient specificity to make the trial court aware of the complaint, unless
the specific grounds were apparent from the context.  Tex.
R. App. P. 33.1(a)(1)(A).  In this
case, the State filed its response to appellant=s motion for DNA
testing on January 28, 2003; the complained-of affidavits were attached to that
motion.  The motion states that the State
served appellant with a copy of the motion. 
Nothing in the record indicates that appellant filed an objection to the
trial court=s consideration of the affidavits as
hearsay.  Thus, appellant waived any
objection to consideration of the affidavits. 
Dixon v. State, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998). 

Even if appellant had not waived his
complaint regarding the affidavits, appellant=s argument
presumes the rules of evidence apply to an article 64.03 proceeding.  However, this article does not require an
evidentiary hearing to determine whether DNA evidence exists.  See Rivera, 89 S.W.3d at 59.  Therefore, the rules of evidence are not
necessarily implicated.  Mearis v.
State, 120 S.W.3d 20, 25 (Tex. AppCSan Antonio 2003,
pet. ref=d).  Further, under the procedures set forth in
article 64.02, the State is not required to include affidavits with its
response in a post‑conviction DNA inquiry.  See Tex.
Code Crim. Proc. Ann. art. 64.02(2)(B). 
Although an applicant=s motion for DNA
testing must be accompanied by a sworn affidavit, the language in the statute
requires only a written response from the State.  See id.  The trial court may then reach a decision
based on these documents without holding a hearing.  Cravin, 95 S.W.3d at 509.  The State attached affidavits as part of its
required written response, and the trial court did not err when it considered
them. Accordingly, appellant=s third point of
error is overruled.

Having overruled all of appellant=s points of error,
we affirm the trial court=s judgment.

 

/s/      Leslie Brock Yates

Justice

 

Judgment
rendered and Memorandum Opinion filed March 25, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Appellant
contends that evidence in his case was received by the HPD Property Room under
two cause numbers: 87938088 and 87938086. 
Appellant asserts the affidavits submitted by the State indicating that
no evidence is in the State=s possession only refer to the 87938088 cause
number.  Appellant thus argues that there
may be evidence under the other cause number still in the State=s possession. 
To support his argument, appellant points to one page of an exhibit
submitted by the State, which arguably bears the 87938086 cause number.  The page is a poor quality reproduction of a
records report.  A better copy of the same
page of the records report appears elsewhere in the State=s evidence.  A
review of the better copy shows the cause number on the report is 87938088, not
87938086.  Accordingly, we find no
evidence that the property room received evidence under the 87938086 cause
number.





[2]  Appellant acknowledges he is aware
of the Cravin case issued by the First Court of Appeals, and of our
court=s adherence to the reasoning in
that case.  See Thompson, 123
S.W.3d at 784B85 (adopting the reasoning in the Cravin
case); Mimms v. State, No. 14-02-01196-CR, 2003 WL 21543499, at *2 (Tex. App.CHouston
[14th Dist.] July 10,
2003, no pet.) (not designated for publication) (same).  Nonetheless, appellant asks this court to
reconsider our position because he argues that the Cravin case was
wrongly decided.  Because we find the
reasoning of the Cravin case correct, we decline to do so.  Moreover,
the Court of Criminal Appeals has cited the Cravin case approvingly for
other points of law.  Whitaker v.
State, C S.W.3d C, No.
74612, 2004 WL 63981, at *3 (Tex. Crim. App. Jan. 14, 2004) (AWe agree with the First Court of Appeals that >no evidentiary hearing is required, and the state is
not required to accompany its response with affidavits.=@).