Affirmed and Memorandum Opinion filed February 10, 2005









Affirmed
and Memorandum Opinion filed February 10, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00762-CR

____________

 

WILLIAM ARNETTE
HALL,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th
District Court

Harris County, Texas

Trial Court Cause No. 443,468

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from the denial of
appellant=s post-conviction motion for DNA testing
under Chapter 64 of the Texas Code of Criminal Procedure.  Appellant brings four issues in which he
challenges his original conviction and contends article 64.03 of the Texas Code
of Criminal Procedure impermissibly shifts the burden of proof to the convicted
person.  We affirm.

 

 








Background

Appellant entered a plea of not guilty
before a jury to the offense of sexual assault. 
He was convicted on May 12, 1986, and the court assessed punishment at
imprisonment for life.  On July 30, 1987,
this court affirmed appellant=s conviction, but
remanded to the trial court for a new punishment hearing.  Hall v. State, 1987 WL 15049, No.
B14-86-368-CR (Tex. App.CHouston [14th Dist.] 1987, no pet.).  On remand, the trial court assessed life in
prison.  On April 6, 1989, this court
affirmed appellant=s conviction and sentence.  Hall v. State, 1989 WL 31758, No.
C14-87-00933-CR (Tex. App.CHouston [14th
Dist.] 1989, no pet.).  On April 12,
2002, appellant filed a motion for DNA testing pursuant to article 64.03 of the
Texas Code of Criminal Procedure.  The
State presented evidence that all evidence that could have been tested was
destroyed on December 28, 1994.  The
trial court found appellant failed to meet the requirements of article
64.03(a)(2) of the Texas Code of Criminal Procedure and denied appellant=s motion.

Appellant filed a notice of appeal in this
court challenging the trial court=s ruling.  Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  Appellant filed a
pro se response in which he complains of irregularities in his original
conviction and contends article 64.03 of the Texas Code of Criminal Procedure
impermissibly shifts the burden of proof to the convicted person.

 

 








Original
Conviction

Appellant raises several issues relating
to his original conviction. Though he asserts the trial court erred in denying
relief under his post‑conviction DNA motion, the substance of his
argument concerns allegations he did not receive a fair trial because the
prosecutor withheld exculpatory evidence. These issues are outside the scope of
an appeal from post‑conviction DNA proceedings.  Chapter 64 only authorizes the convicting
court to order DNA testing.  See Wolfe
v. State, 120 S.W.3d 368, 371B72 (Tex. Crim.
App. 2003) (discussing scope of appeals under article 64.05).  To the extent appellant challenges his
original conviction, his issues are dismissed.

Article 64.03

In his remaining issues, appellant
contends article 64.03 of the Texas Code of Criminal Procedure impermissibly
shifts the burden of proof from the State to the convicted person.  As in a post‑conviction writ of habeas corpus
proceeding, an applicant for post‑conviction DNA testing does not enjoy a
presumption of innocence; therefore, he has the burden to establish facts that
would entitle him to relief.  See Ex
parte Fierro, 934 S.W.2d 370, 379 (Tex. Crim. App. 1996) (applicant for
state post‑conviction habeas corpus has the burden to establish every
fact which if true would entitle him to relief); see also Cravin v. State,
95 S.W.3d 506, 510 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d) (post-conviction DNA applicant not
entitled to presumption of innocence). 
Therefore, appellant has the burden of proof to establish facts that
establish entitlement to post-conviction DNA testing.  Appellant=s second issue is
overruled.

The judgment of the trial court is
affirmed.

 

PER CURIAM

 

Judgment
rendered and Memorandum Opinion filed February 10, 2005.

Panel consists
of Justices Edelman, Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).