James WARREN, Jr., Appellant

v.

The STATE of Texas, Appellee.

No. 05–02–01982–CR.

Court of Appeals of Texas,
Dallas.

Feb. 4, 2004.

---

John H. Hagler, Dallas, for appellant.

William T. (Bill) Hill, Jr., District Attorney, Appellate Section, Tammy Ardolf, Assistant District Attorney, Dallas, for state.

Before Justices WHITTINGTON, WRIGHT, and BRIDGES.

## OPINION

Opinion by Justice BRIDGES.

James Warren, Jr., appeals the trial court's order dismissing his motion for post-conviction DNA testing. In two issues, appellant argues the trial court erred in dismissing his motion, and his counsel provided ineffective assistance of counsel in bringing a defective motion for post-conviction DNA testing. We affirm the trial court's judgment.

In November 1999, a jury convicted appellant of sexually assaulting his girlfriend's nine-year-old daughter and sentenced him to nine years' confinement. In June 2001, appellant filed a pro se motion for post-conviction DNA testing. In September 2001, appellant, represented by counsel, filed a second motion for post-conviction DNA testing. On November 4, 2002, the trial court dismissed appellant's motion on the ground that it failed to satisfy the threshold requirements of establishing that appellant was entitled to DNA testing under articles 64.01 and 64.03 of the code of criminal procedure.

In his first issue, appellant argues the trial court erred in dismissing his motion for DNA testing. Under article 64.01 of the code of criminal procedure, a convicted person may request forensic DNA testing of evidence containing biological evidence that was in the State's possession during trial. TEX.CODE CRIM. PROC. ANN. art. 64.01(b)(1) (Vernon Supp.2004); *Dinkins v. State,* 84 S.W.3d 639, 641–42 (Tex. Crim.App.2002). The motion must be accompanied by an affidavit sworn to by the convicted person, containing statements of fact in support of the motion. TEX.CODE CRIM. PROC. ANN. art. 64.01(a); *Dinkins,* 84 S.W.3d at 642. For evidence that was not previously subjected to DNA testing, the convicted person must demonstrate in his or her motion that: (1) DNA testing was not available; (2) DNA testing was available but not technologically capable of providing probative results; or (3) through no fault of the convicted person, the evidence was not tested but requires testing in order to satisfy the interests of justice. TEX. CODE CRIM. PROC. ANN. art. 64.01(b)(1); *Dinkins,* 84 S.W.3d at 641–42. Nothing in chapter 64 requires the trial court to conduct a hearing on a motion for post-conviction DNA testing. *See Whitaker v. State,* No. 74612, —— S.W.3d ——, ——, 2004

WL 63981, at *3 (Tex.Crim.App. Jan. 14, 2004).

■ In this case, appellant first submitted a pro se motion for DNA testing in which he alleged a comforter taken from his bed had not been tested and, if it had been tested, he would have been exonerated. With the assistance of counsel, appellant later filed a motion for DNA testing alleging (1) evidence containing biological material was in the possession of the State at the time of trial, (2) the evidence was not subjected to DNA testing, (3) a substantial likelihood existed that DNA testing would show appellant was not guilty, (4) identity was an issue in the case, and (5) a reasonable probability existed that appellant would not have been prosecuted or convicted if exculpatory results were obtained through DNA testing.

Based on these allegations, appellant requested DNA testing of the comforter removed from the scene of the sexual assault and a milky white discharge recovered from the victim. Appellant's motion was supported by his affidavit in which he stated the comforter and milky white discharge were in the possession of the State at the time of trial, the evidence was not subjected to DNA testing, and DNA testing would show that appellant did not commit the offense. We agree with the trial court that these allegations and affidavit evidence fail to show that, at the time of trial in November 1999, DNA testing was (1) not available; (2) available, but not technologically capable of providing probative results; or (3) through no fault of appellant, not performed but required in the interests of justice. *See* Tex.Code Crim. Proc. Ann. art. 64.01(b). We overrule appellant's first issue.

■ In his second issue, appellant argues his counsel was ineffective in failing to comply with the requirements of article 64.01. Assuming for the sake of argument that appellant may raise a claim of ineffective assistance arising from a proceeding under Chapter 64, to prevail on his claims appellant must first prove, by a preponderance of the evidence, that his counsel's representation fell below the objective standard of professional norms. *See Bell v. State,* 90 S.W.3d 301, 307 (Tex.Crim. App.2002) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). He must then show that this deficient performance prejudiced his defense. *Bell,* 90 S.W.3d at 307. Nothing in the record shows that, under the facts and circumstances of this case, appellant's counsel could have filed a legally sufficient motion for post-conviction DNA testing. However, assuming appellant's counsel was ineffective in filing a defective motion for post-conviction DNA testing and in failing to amend the motion, we cannot conclude appellant has been harmed. *See id.* Nothing in the statute precludes appellant from filing a motion for post-conviction DNA testing in compliance with the provisions of article 64.01. We overrule appellant's second issue.

We affirm the trial court's judgment.