In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-003 CR


____________________



JAMIL CHRISTOPHER HAMILTON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 76219






 MEMORANDUM OPINION 


 Jamil Christopher Hamilton appeals from the trial court's denial of his post-conviction
motion for forensic DNA testing. In 1998, a jury convicted Hamilton of aggravated sexual
assault and sentenced him to sixty years' confinement in the Texas Department of Criminal
Justice - Institutional Division. At that trial the State introduced DNA evidence supporting
Hamilton's guilt. We previously affirmed the judgment of his conviction. Hamilton v. State,
No. 09-98-261 CR, 1999 WL 278651, at *2 (Tex. App. - Beaumont, pet. ref'd)(not
designated for publication). 

 In 2003, Hamilton filed a motion requesting additional forensic DNA testing. The
State filed a response, provided the court with the DNA test results from the original court
case, and argued that Hamilton failed to show that newer testing techniques existed that
would provide more accurate and probative evidence of identification. We find no error in
the trial court's denial of Hamilton's request for additional DNA testing.

STANDARD OF REVIEW

 In reviewing the trial court's decision on a request for DNA testing, we use a
bifurcated standard of review. See Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002)
(citing Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). We must defer to the
"trial court's determination of issues of historical fact and application-of-law-to-fact issues
that turn on credibility and demeanor, while we review de novo other application-of-law-to-fact issues." Id. In the present case there are no issues of credibility and demeanor as there
was no hearing and Hamilton's affidavits are the only source of information supporting the
motion. Therefore, we will review the issues under the de novo standard. 

ISSUE 

 In the sole issue in this appeal, Hamilton argues the trial court erred in denying his
motion for DNA testing without a hearing. Hamilton asserts that he had a right to a hearing
pursuant to Article 64.04 of the Texas Code of Criminal Procedure, and that due process
under the constitution requires a hearing on his motion for additional DNA testing. See Tex.
Code Crim. Proc. Ann. art. 64.04 (Vernon Supp. 2005). Also contained within Hamilton's
argument is the contention that his motions and affidavits are sufficient in themselves to
require the trial court to grant DNA testing. 

DISCUSSION

 Article 64.01 of the Texas Code of Criminal Procedure sets out the requirements for
motions for forensic DNA testing. See Tex. Code Crim. Proc. Ann. art. 64.01 (Vernon
Supp. 2005). Article 64.01 allows a convicted person to request forensic DNA testing of
evidence containing biological material that was in the State's possession during trial. Tex.
Code Crim. Proc. Ann. art. 64.01(b). "The motion must be accompanied by an affidavit,
sworn to by the convicted person, containing statements of fact in support of the motion." 
Tex. Code Crim. Proc. Ann. art. 64.01(a). With respect to evidence not previously
subjected to DNA testing, the motion may request forensic DNA testing if (1) DNA testing
was not available; or if available, it was not technologically capable of providing probative
results; or (2) the "interests of justice" require DNA testing and the failure to previously test
the material was not the fault of the convicted person. Tex. Code Crim. Proc. Ann. art.
64.01(b)(1)(A), (B). With respect to evidence already subjected to DNA testing, the motion
may request testing when it is shown that newer testing techniques exist that provide a
reasonable likelihood of results that are more accurate and probative than the results of the
previous test. Tex. Code Crim. Proc. Ann. art. 64.01(b)(2).

 In this case, Hamilton filed two post-conviction motions for DNA testing. In
Hamilton's initial motion, filed pro se, he asserted that "DNA Testing was available, but now
there are better ways to test that could reasonably provide results that are more accurate than
the results of the prior test." In his second motion, filed with the assistance of counsel, 
Hamilton alleged that the DNA material in the possession of the State was not previously
tested or "if previously subjected to DNA testing, can now be subjected to newer testing
techniques that provide a reasonable likelihood of results that are more accurate and
probative than the results of the previous tests." 

 Hamilton, through these two motions, requested DNA testing of the biological
material in the State's possession at the time of his trial. Hamilton submitted an affidavit
with each motion. In Hamilton's affidavit submitted with his first motion, Hamilton swears
"I am not the person who committed the offense for which I was arrested," "modern day
DNA testing . . . will surely exonerate the charges," and the statements in the affidavit are
"true and correct." The unsworn declaration attached to Hamilton's second motion attests,
under penalty of perjury, "I have read the allegations in the attached motion and they are
within my personal knowledge true and correct." (1) 

Are Hamilton's Motions (2) and Affidavits Sufficient to Grant DNA Testing?

 Hamilton asserts his motions and affidavits are sufficient to require the trial court to
grant DNA testing. Article 64.01(a) requires that an affidavit contain statements of fact in
support of the motion. Tex. Code Crim. Proc. Ann. art. 64.01(a). However, the statute
does not specify what facts must be included. Id. The Texas Court of Criminal Appeals has
addressed what is required as factual support for motions for DNA testing. See Smith v. State
165 S.W.3d 361, 362-65 (Tex. Crim. App. 2005); Dinkins v. State, 84 S.W.3d 639, 642
(Tex. Crim. App. 2002). 

 In Dinkins v. State, the court held that Dinkins did not meet the requirements of
Article 64.01(a) because he did not provide statements of fact in support of his motion. Tex.
Code Crim. Proc. Ann. art. 64.01(a); Dinkins, 84 S.W.3d at 642. Dinkins's motion and
expert report were unclear as to what evidence Dinkins wanted tested and the expert's report
did not specifically address whether previous DNA testing techniques could provide
probative results. See Tex. Code Crim. Proc. Ann. art. 64.01(b)(1)(A)(ii); Dinkins, 84 
S.W.3d at 642. Although Dinkins's expert made general statements of fact about the type
of DNA testing that was available at the time of Dinkins's trial, this was not enough to
provide support for Dinkins's motion for DNA testing. Dinkins, 84 S.W.3d at 642. The
court required more specific information, which neither Dinkins nor his expert provided. Id. 
Thus, the court held that the convicting court did not erroneously deny his request for DNA
testing. Id. at 643.

 In Smith v. State, the Texas Court of Criminal Appeals held Smith established by a
preponderance of the evidence that he would not have been convicted if exculpatory results
had been obtained through DNA testing. See Smith, 165 S.W.3d at 365. Smith's motion for
DNA testing was accompanied by an affidavit in which he swore he was not guilty of the
offense for which he was convicted, and that the State had evidence that would establish he
was innocent of the alleged offense. See Smith, 165 S.W.3d at 362. The court determined
that Smith's plea of actual innocence in his pro se motion was equivalent to an assertion that
there is at least a 51% chance he would not have been convicted. Id. at 365. The court stated
that arguably Smith should have included other factual information in support of his
assertion, but because the trial court took judicial notice of the trial record, those facts could
be found in the record. Id. Therefore, the trial court had enough evidence to determine by
a preponderance of the evidence that Smith would not have been convicted if the DNA
results were favorable. Id. Because Article 64.03(a)(2)(A) was the only part of Chapter 64
in dispute in Smith, the motion met the requirements of Chapter 64 and Smith was entitled
to DNA testing. Id. 

 In the present case, Hamilton provided affidavits in support of his motions for DNA
testing. In his sworn affidavit Hamilton made the general claims that he is innocent and that
present methods of DNA testing will exonerate him. However, he provided no other factual
information other than these general assertions to support his motions. Unlike the Smith
case, here there is no judicial notice of Hamilton's trial record and no indication that the court
considered the record in making a decision on Hamilton's motion. Thus, there are not
enough facts to ascertain by a preponderance of the evidence that Hamilton would not have
been convicted if exculpatory results had been obtained through DNA testing. Tex. Code
Crim. Proc. Ann. art. 64.03(a)(2)(A); Smith, 165 S.W.3d at 364-65. Hamilton's case also
resembles Dinkins's because like Dinkins, Hamilton did not identify what items he wanted
tested, nor has he provided any specific information about how present methods of DNA
testing could be used to exonerate him. Dinkins, 84 S.W.3d at 642. Because Hamilton did
not supply enough facts to support his motions, he did not satisfy the requirements of Article
64.01(a). See id. Thus, Hamilton's motions and affidavits are not sufficient to require the
trial court to grant DNA testing. 

Do the Hearing Requirements of Article 64.04 Apply?

 Hamilton also complains that he could have provided additional support for his
motion if the court had held a hearing as required by Article 64.04. See Tex. Code Crim.
Proc. Ann. art. 64.04. Article 64.04 requires the court to hold a hearing "[a]fter examining
the results of testing under Article 64.03. . . ." See id. (emphasis added). Hamilton's motion
was not subject to Article 64.04 because his motion was a request for new DNA testing rather
than a request to review the results of testing that has occurred pursuant to Article 64.03. See
Tex. Code Crim. Proc. Ann. arts. 64.03, 64.04 (Vernon Supp. 2005); Rivera, 89 S.W.3d at
58-59. Article 64.03, and not Article 64.04, applies to the post-conviction motion for DNA
testing filed by Hamilton. See Tex. Code Crim. Proc. Ann. arts. 64.03, 64.04; Rivera, 89
S.W.3d at 58-59. 

 Nothing in Article 64.03 requires the trial court to conduct an evidentiary hearing on
a motion for post-conviction DNA testing. Whitaker v. State, 160 S.W.3d 5, 8 (Tex. Crim
App. 2004), cert. denied, ___ U.S. ___, 125 S.Ct. 194, 160 L.Ed.2d 106 (2004); Rivera, 89
S.W.3d at 58; Warren v. State, 126 S.W.3d 336, 337-38 (Tex. App. - Dallas 2004, no pet.),
Cravin v. State, 95 S.W.3d 506, 509 (Tex. App. - Houston [1st Dist.] 2002, pet. ref'd). 
Because the court denied Hamilton's motion for additional DNA testing, there were no
additional results to examine and thus Article 64.04 does not apply. See Tex. Code Crim.
Proc. Ann. art. 64.04. 

 Hamilton further complains that the trial court reviewed the DNA test results
submitted by the State in its response to Hamilton's motion and determined their exculpatory
value in light of the sworn testimony in his affidavits in violation of the hearing requirement
of Article 64.04. See Tex. Code Crim. Proc. Ann. art. 64.04. It is unclear what the trial
court considered in its decision to deny Hamilton's motion; however, even if the court
reviewed the DNA results presented by the State, this review was not subject to Article 64.04
hearing provisions as this material had previously been introduced in Hamilton's 1998 trial.
Id. Article 64.04 is not applicable under the circumstances at this stage in Hamilton's case,
and the trial court did not err in denying Hamilton's request for a hearing. Id. 

Are Hamilton's Constitutional Rights Affected?

 Hamilton also contends the failure of the trial court to conduct a hearing on his motion
for DNA testing was error that affected his "due process and other constitutional rights." The
Texas Court of Criminal Appeals agreed with the decision of the First Court of Appeals in
Cravin v. State that "[n]o evidentiary hearing is required . . ." in an Article 64.03 proceeding. 
See Whitaker, 160 S.W.3d at 8-9; Cravin, 95 S.W.3d at 509. In Cravin, the First Court of
Appeals determined that the procedures set out in Chapter 64 do not violate due process and
other constitutional rights. See Cravin, 95 S.W.3d at 509-11. Article 64.03 specifically
contemplates a post-conviction proceeding with submissions of affidavits from the applicant
and a written response from the State, rather than an evidentiary hearing. See Tex. Code
Crim. Proc. Ann. arts. 64.01(a), 64.02(2)(B) (Vernon Supp. 2005). Therefore, the trial
court's denial of Hamilton's motion without holding an evidentiary hearing did not violate
Hamilton's constitutional rights. 

CONCLUSION

 Because Hamilton failed to provide factual support for his motion as required by
Article 64.01(a) and also because an evidentiary hearing is not constitutionally or statutorily
required in a review of a motion for post-conviction DNA testing, the trial court did not
commit error in denying Hamilton's motion without holding an evidentiary hearing. See 
Tex. Code Crim. Proc. Ann. arts. 64.01(a), 64.03. 

 We overrule Hamilton's sole issue and affirm the order of the trial court. 

 AFFIRMED.


 ___________________________

 HOLLIS HORTON

 Justice


Submitted on October 10, 2005

Opinion Delivered January 11, 2006

Do Not Publish


Before Gaultney, Kreger and Horton, JJ.
1. This affidavit was not a sworn affidavit as required by Tex. Code Crim. Proc. Ann.
art. 64.01(a) and, in light of our disposition of the case, it is unnecessary for us to determine
whether Hamilton complied with Tex. Civ. Prac. & Rem. Code Ann. §§ 132.001-.003
(Vernon 2005)(unsworn declarations by inmates). See In re Fain, 83 S.W.3d 885, 889 n.4
(Tex. App. - Austin 2002, no pet.). 
2. Because it is unclear whether counsel's motion was intended as an amendment or
replacement of Hamilton's pro se motion, we reference both of Hamilton's "motions" when
considering the factual support of the affidavits in this section. The singular "motion" is used
in all other situations to refer to the amended or replacement motion.